Parker, C. J.
It seems difficult to discern any reason why a bargain entered into so deliberately between the two parties in this case, should not be carried into effect according to its true intent at the time it was made.
It cannot be doubted that the defendant considered the plaintiff as his partner, while the purchase was in treaty in Boston, while the parties were on their way home, while the defendant, with the assistance of the plaintiff, was obtaining the security necessary to complete the purchase, and even down to the time when the defendant left Springfield, with a view to go to Boston and close the bargaiij with Mr. Jackson: From that time, however, the defendant kept aloof, perceiving that a profitable speculation had been made, and dishonorably contriving to secure the whole advantage of it to himself.
There was no stipulation in writing; but a verbal engagement is equally binding in cases not within the statute of frauds, provided a consideration subsists between the parties. Now, in this case, the contract was in part executed by the transactions which [ * 325 ] took place before the actual sale of the saltpetre * by Mr. Jackson; and the expense of the plaintiff in his journeys, his endeavors to obtain sureties, the payment towards the expense of going to Hartford, all together amount to a legal and sufficient consideration, entitling the plaintiff to his share of the benefit of the contract, the amount of which was equitably settled by the jury, a proper deduction having been made from the gross profits for the expenses, labor, &c., of the defendant, in carrying the contract to a successful issue.
*297 Judgment must therefore be rendered upon the verdict, with interest, as additional damages, to the present time, (a)

 Fanning vs. Chadwick, 3 Pick. 420. — Brinley & Al. vs. Kupfer, 6 Pick. 179. — Johnson vs. Ames, 7 Pick. 59. — Wilby vs. Plinney, 15 Mass. Rep. 116. — Jones vs. Harraden, 9 Mass. Rep. 540.