## CAROLINE B. FANNING *versus* DAVID CHADWICK Junior.

Though a tenant in common or partner may now have relief in equity against his cotenant or copartner, under *St* 1823, *c.* 140, yet if the joint interest is determined or the partnership dissolved, all accounts and liabilities being settled and discharged, and a balance remains due from one cotenant or copartner to another, ` may be recovered in an action of *assumpsit*, and without any express promise.

The plaintiff and defendant being part owners of a vessel, of which the defendant was master, and being jointly concerned in a whaling voyage, undertaken by such vessel, the defendant, in the course of the voyage, landed some prisoners from a privateer, and also saved some articles from a wreck ; for each of which services he received a compensation. On his return he settled up the voyage, but without rendering any account of these two items of compensation. *Held,* that the plaintiff might recover her proportion of the same in the form of *assumpsit*.

ASSUMPSIT on account annexed, and for money had and received. The action was brought to recover an eighth part of the proceeds of two certain adventures growing out of a voyage undertaken in a vessel, three fourths of which were owned by the defendant, one eighth by the plaintiff, and one eighth by J. B. Fanning, and of which the defendant was master for the voyage.

The vessel sailed on a whaling voyage, and during the prosecution thereof, the defendant took some prisoners from on board a South American privateer, at the request of her commander, and landed them at an island on the coast of Africa ; for which he received a compensation. During the same voyage the vessel was employed in saving property from a French ship, that had been wrecked ; for which also he received a compensation. Of these two items the plaintiff claimed her proportion, as the owner of one eighth of the vessel.

A verdict was returned for the plaintiff; which was not complained of, if by law the action in this form could be supported.

The objection was, that all the owners being partners, *assumpsit* would not lie, but an action of account should be brought. On the return of the vessel, the account of the whaling voyage was settled according to the usage of such voyages, but no account was rendered of the two items above mentioned, nor did it appear, that when the account was

settled, the plaintiff knew that any claim existed for those items. On the settlement of the whaling voyage, the plaintiff received the balance due, and gave a receipt in discharge of the account. Afterward she frequently demanded her proportion of the items in question ; but the defendant refused to pay any thing, or to render any account, saying that what he received in relation to the transportation of prisoners was on his own account, and that the same, together with all that he received for salvage, was appropriated to the use of the vessel, except what was distributed among the sailors.

If the form of the action was right, judgment was to be entered upon the verdict ; otherwise a new trial was to be granted.

*L. Shaw, W. Phillips,* and *Sewall,* for the defendant, now insisted that the plaintiff's remedy was an action of account, or of the case in nature of account, or a bill in chancery, the plaintiff and defendant standing in the relation of copartners. The general rule is, that one partner or tenant in common cannot sue his copartner or cotenant in *assumpsit ;* and this principle applies, not only to general partners, but also to partners in a particular transaction. 1 Chit. Pl. 25 ; *Smith* v. *Barrow,* 2 T. R. 476 ; *Harvey* v. *Crickett,* 5 Maule & Selw. 339 ; Gow on Partn. 117 ; *Robson* v. *Curtis,* 1 Stark. R. 78 ; *Murray* v. *Bogert,* 14 Johns. R. 322. There are some exceptions to this rule, as where there has been a settlement between the partners and a balance struck, and an express promise by the defendant to pay the balance ; *Casey* v. *Brush,* 2 Caines's R. 293 ; *Ozeas* v. *Johnson,* 1 Binney, 191 ; *Halstead* v. *Schmelzel,* 17 Johns. R. 80 ; or where money, not being partnership property, is received by the defendant for his copartner ; *Smith* v. *Barrow,* before cited. It will be said, that whatever may be the law elsewhere, this Court has adopted a different doctrine. But the case of *Brigham* v. *Eveleth,* 9 Mass. R. 538, had relation to a tenancy in common of a particular chattel, as to which there has been some relaxation of the general rule ; and in *Jones* v. *Harraden,* ibid. 540, note, all that was necessary to be decided was, that if a tenant in common of a chattel sells it, he is liable to his cotenant for a part of the proceeds. In *Wilby* v. *Phinney,* 15 Mass.

*Fanning
v.
Chadwick.*

*March 21st*

**422**

R. 116, the Court recognise the general rule. That case presented many difficulties, arising out of *St.* 1799, *c.* 57, which allows a creditor of a partnership to sue the executor or administrator of a deceased partner. The Court there saw no remedy for the plaintiff, who was a surviving partner, but to permit him to recover a judgment, to be filed before the commissioners on the estate of his copartner, who had died insolvent. The authority is applicable only under those peculiar circumstances. In *Bond* v. *Hays, Executor,* 12 Mass. R. 34, there had been an overpayment by mistake, after the dissolution of the partnership, and the action was brought to recover back the excess. If the Court have formerly been induced, by the hardship of the case, to relax the strict rules of law, it will not go any further, now that there is an adequate remedy in chancery in cases of partnership. The doctrine we contend for is applicable to joint owners of ships. 3 Chitty's Laws of Commerce &c., 262 ; 1 Holt on Shipping, 371 ; Montague on Partn. 178 ; *Doddington* v. *Hallet,* 1 Ves. sen. 497 ; Abbott on Shipping, 97 *et seq. ; Ex parte Christie,* 10 Ves. 105 ; *Schermerhorn* v. *Loines,* 7 Johns. R. 311 ; *Muldon* v. *Whitlock,* 1 Cowen, 290 ; *Mumford* v. *Nicoll,* 20 Johns. R. 611. But whether it be so or not, a joint ownership in such a voyage constitutes a partnership, and the reasons apply as strongly here as in other kinds of partnership. There must be an account for fitting out, bartering and selling the oil, and making up the voyage. If the compensation received by the defendant for the transportation of passengers, was not a mere personal gratuity, as he considered it, then the seamen are entitled to their shares, and the defendant should have the benefit of all equitable deductions. Our objection is not one of form ; it goes to the merits. The plaintiff had no right to bring her action for a particular item ; she ought to sue for a general balance. A partner might with equal propriety sue for his proportion of a particular bale of goods. The action should be such as will produce a final settlement. Had this been an action of account, the Court would have appointed competent auditors ; but the present form of action brings the case before a jury, which is a tribunal not well qualified to enter into investigations of intricate accounts, and

moreove. deprives the defendant of the benefit of his own oath in accounting.

*Thacher* and *Warner*, for the plaintiff, relied on the cases already cited from Massachusetts Reports, and observed that the action was commenced before the enactment of the statute giving chancery powers to the *Court* in cases of partnership.

WILDE J. delivered the opinion of the Court. Without determining whether, upon the facts reported, the parties are to be considered as standing in the relation of copartners, or not, we are of opinion that this action may be well maintained. It is true, generally, that a partner or tenant in common cannot sue his cotenant or copartner in an action in form *ex contractu*, for a share of the common property, or profits received. But if the joint interest is determined, or the partnership is dissolved, all accounts and liabilities being settled and discharged, and a balance remains due from one cotenant or copartner to another, it may be recovered in an action of assumpsit. It is said that an express promise is necessary, and such seems to be the English doctrine. But a contrary doctrine has been repeatedly laid down by this Court. *Jones v. Harraden, Brigham v. Eveleth, Bond v. Hays,* and *Wilby v. Phinney,* cited in the argument.[1]

The doctrine laid down in these cases appears to us most reasonable, and we consider it now as well established. It was admitted by the counsel for the defendant in the case of *Wilby v. Phinney,* and was expressly laid down by the Court as a settled principle.

It is true that case was decided on its peculiar circumstances, but the principle in question was involved in the decision. *Phinney* was administrator of a deceased partner of *Wilby,* whose estate was insolvent, and the Court held that the plaintiff's demand was in nature of a final balance, although the accounts of the partnership were not closed. For it was final as to the plaintiff, he having no further remedy, in any event, against the estate of the deceased partner. On this ground

[1] See also *Williams v. Henshaw,* 11 Pick. 79, and 12 Pick. 378; *Brinley v. Kupfer,* 6 Pick. 179; *Johnson v. Ames,* 6 Pick. 330; *Chandler v. Chandler,* 4 Pick. 62; *Haskell v. Adams,* 7 Pick. 59; *Stiles v. Campbell,* 11 Mass. R. 321.

it was held that he was entitled to recover as for a final balance.

This case, therefore, as well as the other cases cited, is directly in point ; and we see no reason for overruling these decisions, notwithstanding relief may now be had in equity. Besides, this action was commenced before the statute for this purpose was enacted. But had it been otherwise, we should still feel bound to adhere to former decisions. When a plain, convenient, and adequate remedy may be had at law, a party ought not to be turned over to a suit in equity. It has been argued that the only remedy at law, if any, is by action of account ; but this action is almost obsolete even in England, and there seems to be no necessity for reviving it here. Justice may be administered in a form more simple and less expensive, by an action of *assumpsit* ; especially since the Court is authorized to appoint auditors. *Assumpsit* now has all the advantages, without the disadvantages, peculiar to an action of account.

For these reasons we are of opinion the plaintiff is entitled to recover, the voyage having been completely settled by the parties, except as to the items sued for in this action.[1]

*Judgment according to the verdict.*

---

[1] See *Brigham* v. *Eveleth*, 9 Mass. R. (Rand's ed.) 542, n. (*a*) ; *Wilby* v *Phinney*, 15 Mass. R. (Rand's ed.) 121, n. (*a*) ; *Bovill* v. *Hammond*, 6 Barn. & Cressw. 149 ; *S. C.* 9 Dowl. & Ryl. 186 ; *Clarke* v. *Glennie*, 3 Stark. R. 10 ; *Fromont* v. *Coupland*, 2 Bingh. 170 ; *Westerlo* v. *Evertson*, 1 Wendell, 532 ; *Andrews* v. *Allen*, 9 Serg. & Rawle, 241 ; *Kennedy* v *McFadon*, 3 Harr. & Johns. 194 ; *Causten* v. *Burke*, 2 Harr. & Gill, 295 ; *Roache* v. *Pendergast*, 3 Harr. & Johns. 33 ; *Barger* v. *Collins*, 7 Harr. & Johns. 213.