ANDREW J. WHEELER *vs.* H. M. A. WHEELER.

The heirs of an intestate agreed to live together on the land which had descended to them; one of them, J. S., agreed to pay the debts of their ancestor, the repairs and taxes on the real estate, and all the expense of the common living; and each of the others agreed to repay J. S. his or her share of the amount so paid by him. The arrangement continued for twelve years. *Held,* that J. S. could maintain an action at law against one of the other heirs to recover the defendant's proportional share of the amount paid by him.

CONTRACT. The first count of the declaration alleged that in 1857 the plaintiff " entered into an agreement with the defendant and J. T. Wheeler, and M. L. Drake, by which the said several parties bound themselves each to the other as follows : That they would together use and occupy and live upon a certain estate in that part of Boston formerly called Dorchester, and would share and pay equally the expenses of the care of their said estate and

the costs of living thereon, and the plaintiff should keep all the accounts and make the payments and disbursements, and each of said parties should pay his or her equal proportion of such expenditures to the plaintiff on demand; that thereupon the said parties entered into and upon said estate on or about March 1, 1857, and lived together upon the same, in accordance with their agreement, until August 1, 1869; that the plaintiff, in pursuance of the terms of said agreement, kept the accounts, and, at the request of the defendant and of the other said parties, made the necessary and proper disbursements and payments, amounting in all to the sum of $9899; that the part or proportion of such disbursement and payment that the defendant was bound to contribute and pay to the plaintiff, after allowing her all due credits, amounted to $1778; that the plaintiff has often requested the defendant to pay him her said proportion of said disbursements and payments, but she has neglected so to do. And the defendant owes the plaintiff said sum of $1778." The second count was for money paid and expended to the defendant's use according to an account annexed. The account stated the expenses of living for each year, and the sum paid as taxes on the real estate. The case was referred to an auditor, who made a report.

At the trial in the Superior Court, before *Rockwell*, J., the plaintiff's counsel made the following opening statement:

" In 1857, Jonathan Wheeler died intestate, leaving a widow, two sons, and two daughters. The widow had a right to dower in the real estate, upon which some repairs were necessary, and there were some debts due from the estate.. The four children made a verbal agreement to pay all debts and taxes, make all necessary repairs on the real estate, and allow the widow to occupy it with them. Upon this agreement, the widow, who had taken some steps towards taking out administration, desisted from them, and there has been no administration on the estate. Most of the children had some means of support, other than the estate, and all remained there after this agreement. In 1867, the widow died. The children continued under the same agreement two years longer. The plaintiff, who was one of the children, did all the business and kept all the accounts. Two of the children have

paid their proportion. The defendant, who was also one of the children, has been credited $84, which is all she has ever paid."

The defendant then objected that the court had no jurisdiction of the case; but that the same was cognizable only in equity. The judge sustained the objection, and by consent of parties reported the case to this court, such disposition to be made thereof as to this court should seem proper.

*C. P. Hinds,* for the plaintiff.

*R. M. Morse, Jr.,* (*C. P. Greenough* with him,) for the defendant.

AMES, J. Upon the case as presented by the plaintiff in his declaration, he is not confined, in seeking his remedy, to the equity jurisdiction of the court, but may properly resort to an action at law. The business which he undertook to do was a matter in which he and the other parties to the arrangement were jointly and equally interested. But his claim is that the contract which he made with those parties was several and not joint. His case, as he presents it, is that under that arrangement he went on for the period of about twelve years, advancing large sums of money in the payment of debts and taxes chargeable to their joint inheritance, and also in the general maintenance and support of the entire family of their deceased father; and that it was a part of that arrangement that the entire amount of expenses so incurred should be apportioned among the four children, he paying one fourth part, and charging one fourth part to each of the others. If he can prove that such was the substance of the agreement, it is difficult to see why he cannot maintain the present action against the defendant for her proportion.

The fact that the subject matter was one in which the parties to the suit, and other persons also, were jointly interested, and that to some extent the arrangement related to real estate in which they and others were tenants in common, is not decisive against the plaintiff's right. Persons who stand in such relations to each other may modify their relative common law rights by express agreement. Thus where one tenant in common has expended money in repairs upon the common property, with the consent of his co-tenant, he may recover of his co-tenant a just

contribution. *Gwinneth* v. *Thompson*, 9 Pick. 31. *Converse* v. *Ferre*, 11 Mass. 325. In the case of copartners, neither a settlement of the accounts, nor an express promise to pay, need be proved, where the suit is assumpsit for the final balance. *Williams* v. *Henshaw*, 11 Pick. 79. *Brigham* v. *Eveleth*, 9 Mass. 538. *Jones* v. *Harraden*, Ib. 540 note. *Bond* v. *Hayes*, 12 Mass. 34. *Fanning* v. *Chadwick*, 3 Pick. 420. *Brinley* v. *Kupfer*, 6 Pick. 179. *Shepard* v. *Richards*, 2 Gray, 424. In *Stiles* v. *Campbell*, 11 Mass. 321, two persons had made a purchase of a quantity of merchandise, with an agreement to share the profits, and upon a sale by one of them of the property, as if on his separate account, it was held that the other could recover his share of the profits in an action of assumpsit, although the defendant objected that the matter was a joint transaction in the nature of a partnership.

The suggestion that the rights of the various parties in interest cannot be settled without a multiplicity of suits appears to be unfounded, as the claim is that the whole of the business was done by the plaintiff upon a separate contract with each of the other parties. The alleged complexity of the accounts justified the appointment of an auditor, but furnishes no sufficient reason against supporting the action.

We see no sufficient reason for turning the plaintiff over to equity jurisdiction, and must therefore order that

*The case stand for trial.*