## PROVIDENCE COUNTY.

———✦———

JOHN J. FRY, Executor, *vs.* GEORGE H. POTTER.

*Assumpsit* by the executor of A. against B., to recover the share of losses, due from B., on a speculation which had been carried on by A., B., and C., but had been closed and the losses ascertained. All the capital had been furnished by A.

*Held,* that the action was properly brought, and could be maintained without proof of a settlement between A., B., and C. as copartners and of a promise by B. to pay the amount due to A. in such settlement.

DEFENDANT'S petition for a new trial.

*February* 28, 1880. DURFEE, C. J. This is an action of *assumpsit* brought by the executor of the will of Joshua Godfrey, to recover of the defendant one third of the losses of a land speculation in which Godfrey was concerned with the defendant and one John G. Edwards. Testimony was submitted at the jury trial, going to show that in May, 1872, Godfrey purchased five lots of land in the city of Providence, in pursuance of an understanding between himself, the defendant, and Edwards, subsequently expressed in writing and signed by them severally, that they should share equally in the profits and losses of the speculation ; that all the money was advanced by Godfrey, and the land conveyed to him ; that the land had been disposed of at a

heavy loss ; and that, previous to the action, the plaintiff had rendered an account to the defendant, showing the expenses and receipts, and the amount for which the defendant was liable under the agreement. The testimony did not show whether the defendant had either admitted or denied the account, or in fact whether he had or had not done anything in reference to it. The defendant, without offering any testimony, moved for a nonsuit, on the ground that the action, being for money due from one partner to another on partnership account, could not be maintained without proof that the copartners had settled the account and found the amount of the defendant's indebtedness, and that the defendant had promised to pay it. The court denied the motion, ruling that the action would lie without such proof, and that there was evidence on which the plaintiff was entitled to go to the jury, and, the defendant offering no further defence, so instructed the jury, who thereupon returned a verdict for the plaintiff. The defendant petitions for a new trial for error in the instruction.

We think the instruction was right. There was no general copartnership, but only an agreement to share the gains and losses of a particular adventure, the entire capital for which was furnished by the plaintiff's testator. There were no joint debts or liabilities, and no mutual claims subsisting to be adjusted. The transaction was closed, and the losses ascertained. Nothing remained for the defendant to do but pay his share of them. The case is not intrinsically distinguishable from an ordinary case in *assumpsit*, and, even without precedent, we should have little difficulty in maintaining the action. There are, however, respectable precedents for it. *Robson* v. *Curtis*, 1 Stark. N. P. 78 ; *Buckner* v. *Ries*, 34 Mo. 357 ; *Wright·* v. *Cumpsty*, 41 Pa. St. 102. In Massachusetts, even when the copartnership is general, the action is maintainable, after dissolution, for a final balance of account. *Williams* v. *Henshaw*, 11 Pick. 79 ; *Wheeler* v. *Wheeler*, 111 Mass. 247, 250.                          *Petition dismissed.*

*James Tillinghast*, for plaintiff.

*Benjamin N. Lapham*, for defendant.