EDGAR WOELFEL *vs.* ALEXANDER W. THOMPSON.

Norfolk.    January 23, 1899. — May 17, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER,
& HAMMOND, JJ.

*Partnership Agreement — " Losses."*

Losses must be borne equally where an agreement signed by three partners recites
that the two working partners are to receive salaries and the partners contribut-
ing capital stock are to receive interest, as a part of the expenses of the busi-
ness, and, if there are profits, each of the working partners is to receive a little
more than one third of them, and if there are losses all are to bear them in equal
proportions.

CONTRACT, by one partner against another, after the settle-
ment of the partnership affairs, to recover an ascertained balance.
The case was submitted to the Superior Court, and, after judg-
ment for the plaintiff, to this court on appeal, on agreed facts,
the nature of which appears in the opinion.

The case was submitted on briefs to all the justices except
*Field*, C. J.

*G. E. Smith*, for the defendant.

*O. A. Marden*, for the plaintiff.

KNOWLTON, J.   The only question in dispute between the
parties relates to the construction of the partnership articles in
reference to the liability of the partners for losses.   There were
three partners in the firm, and the plaintiff and one Krehl were
each to furnish five thousand dollars in cash as the capital stock.
The defendant was to furnish no capital.   The defendant and
Krehl were each to devote their whole time to the business of
the partnership, for which the defendant was to receive a salary
of thirty-six hundred dollars per year, and Krehl was to receive
two thousand dollars per year.   The plaintiff was to devote no
time to the business, but was only to advise in regard to the
management and development of it.   Each of the two partners
who contributed capital was to receive interest at the rate of six
per cent upon the amount furnished.   The articles of partner-
ship contained the following provisions: " The parties hereto
agree to bear and pay equally between them all the rents, ex-

penses, and losses of every kind that may come or arise from said business, including the salaries and interest above specified. They agree that all the net gains, net profits, and net increase that shall come or arise in or by means of said business, after taking out the expenses, rents, salaries, interest, and losses above specified, shall be divided between them according to the following percentage, to wit: Said Thompson shall receive thirty-five per cent of the net profits; said Krehl thirty-five per cent of the net profits, and said Woelfel thirty per cent of the net profits of said business, computed as above. The parties agree that during the term of their partnership full and accurate books of account shall be kept of the partnership business, which books shall be common between the partners, and either may have access thereto without interruption by the others. At the end of the said term, or oftener if thought necessary, an account shall be taken of the gains and losses and exhibited to all the partners. . . . If they settle the business at the expiration of the year, the partners paying in the capital above shall receive back the same, less any losses or damages suffered or sustained as above provided, and the net profits, if any, shall be divided and distributed at that time as above provided, unless the parties agree longer to continue said business." This seems to have been an ordinary partnership, in which the two working partners were to receive salaries, and the partners contributing capital stock were to receive interest, as a part of the expenses of the business. If there were profits, each of the working partners was to receive a little more than one third of them, and if there were losses all were to bear them in equal proportions. There being a partnership, if there were no express stipulations on the subject, there would be a presumption that the partners, as well those contributing nothing but labor as those contributing capital, were to bear them equally. *Whitcomb* v. *Converse*, 119 Mass. 38. Here there is an express agreement that they will " bear and pay equally between them all the rents, expenses, and losses of every kind, . . . including the salaries and interest." On winding up the business at the end of a year, it appeared that the net loss amounted to $7,208.96. This has been borne in equal shares by the two partners who contributed the capital. All the debts of the firm have been paid and all its assets have been collected, and

nothing remains to be done except to determine whether the defendant shall bear one third of this loss, and reimburse the plaintiff and Krehl for the excess which each has paid beyond one third.

The defendant contends that the last sentence above quoted imposes upon the two partners who furnished the capital the duty of paying from the capital all the losses of the firm, including the salaries of two members of it, and leaving the defendant with his salary as if no loss had been suffered. But such a construction of the contract would do violence to its specific provisions and to its manifest purpose. This last sentence is not directed to a statement of the liabilities and duties of the members of the firm in reference to losses. It is a provision in reference to the disposition of the capital stock after a settlement of the affairs of the partnership. The contributing partners are to receive back their capital, less the "losses or damages suffered or sustained as above provided." This stipulation is given full effect if we hold that the words "as above provided" refer to the provision that each shall bear an equal share of the losses, and require that the capital to be paid back to each shall be diminished only by the loss sustained which he is to bear, namely, by one third of the whole net loss. It is not to be presumed that while the profits, if any, were to be divided nearly equally, and it was agreed that the losses should be borne equally, the parties intended that the contributors of capital should bear all the loss, to the extent of their whole capital stock, to the exemption of the defendant.

It is not denied by the defendant that, if the plaintiff's construction of the contract is correct, the affairs of the partnership are so far settled that this action at law to recover an ascertained balance may be maintained. *Robinson* v. *Williams*, 8 Met. 454. *Wheeler* v. *Wheeler*, 111 Mass. 247, 250.

*Judgment affirmed.*