Parker, C. J.
Notwithstanding the defendants were the owners, as tenants in common, of four fifths of the dam and stream referred to in the action, yet it appears that they did not use the property in common, but that each used and occupied his share or interest separately. Ferre and Wallis were no otherwise tenants in common than was the plaintiff, Converse, with them.
At common law, no action lies by one tenant in common, who has expended more than his share in repairing the common property against the deficient tenants; and for this reason our legislature has provided a remedy applicable to mills, a species of property which frequently in our country belongs to several proprietors.
The act for the support and regulation of mills (2) provides that, after pursuing the course therein prescribed, the tenant in advance may recover of the tenant in arrear the balance justly [ * 327 ] due from him for the repair of the joint property. * This statute, however, was not pursued in this case; and the plaintiff has no remedy by action, unless he can found it upon some express undertaking of the defendants to pay. He has sued them upon a joint promise; but the evidence shows that the undertaking was several, each for his own deficiency, after the repairs should be completed. Ferre, one of the defendants, performed his engagement ; Wallis, the other defendant, neglected to perform his. The mutual promises between these parties were lawful and obligatory; and the plaintiff should have sought his remedy according to his contract, without endeavoring to implicate Ferre for Wallis’s part of the expense of repairing the dam. At any rate, there was no joint promise to this effect, and no such promise can now be implied according to the principles of the common law. (a)

Judgment on the verdict.

 Stat. 1795, c. 74.

 Carver vs. Miller, 4 Mass. Rep. 559. — Doane vs. Badger, 12 Mass. Rep. 65 — Swasey vs. Little, 7 Pick. 296.