BISQUAY, Adm'r, v. JEUNELOT.

10  245
f124 697

1. An action of assumpsit will not lie, to recover damages, for the use by one, of the wall of the plaintiff's house, in the construction of his house, in the absence of any contract to pay for such use.

Error to the Circuit Court of Mobile.

Assumpsit, by the defendant against the plaintiffs in error.

Upon the trial, it appeared, that the defendant built a house against the gable end of one, previously erected by the plaintiff; running up a nine inch wall for the first story, and using the gable end of plaintiff's house, for the second story, and garret; that the house of defendant would fall down, if that of the plaintiff was removed.

The court charged, that if the defendant used the gable end of plaintiff's house, by erecting a house, or shed against it, that the plaintiff was entitled to recover of the defendant, so much of the value of the wall, as would make it a fair compensation for his portion of the use. To which the defendant excepted, and which he now assigns as error.

Phillips, for plaintiff in error. The action af assumpsit lies only for the breach, or non-performance of a contract. Here there was no contract, and the law will not imply one. Although the use of the wall by the defendant, may be beneficial to him, the plaintiff may remove it at his pleasure; the law will not therefore imply a promise to pay for a benefit, which may be transient.

Stewart, contra.—Jeunelot built a wall on his own land. LaBully, owner of the adjoining lot afterwards built a house adjoining, and used the wall of Jeunelot.

No express contract is proved, to pay for the proper proportion of the cost of the wall used. But we say the use

craates a duty to contribute, and on that use and duty, the law raises an implied promise to pay.

These rights are often regulated by statutes; but the statutes are necessary only to create the right in the one who first builds, to take of his neighbor's land half the thickness of the wall, in anticipation of his future ·probable want of a party wall—but that question is not involved here.

The right to demand payment of another, who uses a wall not built on his own land is a clear equitable demand, and is recognized as such on general principles of law.

The right to use another man's wall, is derived from the principles of the civil law. It is a *servitude*, and is called the right of *support*. This right may be obtained by *grant* or *prescription*, and thus only. [3 Kent's Com. 435-6.]

Where a party is found using this privilege, the legal presumption is, that a grant of it has been obtained, the other party assenting to such use. He will not be permitted to say he is a trespasser. A contract is therefore presumed, and the party in the enjoyment of the right. The use of this right carries with it the obligation to contribute, to pay a just share of the cost, to contribute to rebuild when necessary, and to a share of all repairs. And then the right is complete, and the wall cannot be pulled down by the builder.

The right to contribution is fully and well established. [4 Kent's Com. 436-7; Campbell v. Meslier & Dunstan, 4 J's. Chan. Rep. 334.]

The principles of the civil law on this subject, are fully shown in the Civil Code of Louisiana, digested and extracted from Pothier and other civil law writers. [Civil Code of La. p. 101, title Servitude, articles 671 to 681.]

Where a contribution is properly demandable, as in cases of contribution between sureties, the law implies a promise. [Craythorne v. Swinborne, 14 Vesey, 164.]

Assumpsit lies for contribution to party walls. [1 Stephens' Nisi Prius, top page, 235, side page 236.]

Mobile was a Spanish city, and lands are held under Spanish titles. The laws of servitude were in force, and attach to the lands. But upon common law principles, in the strictest sense, the right can be maintained.

Contribution is an equitable duty, and where a party re-

ceives the benefit, he becomes charged with this duty, and a promise is implied in law.

ORMOND, J.—This is an action assumpsit, to recover damages for the use, by the defendant, of the wall of the plaintiff's house, in the construction of the house of the de-defendant. The counsel for the defendant contends, that the right to use another man's wall, in the construction of a house on his own land, is derived from the principles of the civil law, and is called *the right of support,* which he admits can be obtained by grants or prescriptions only. [3 Kent's Com. 436-6.]

Conceding this to be the rule of the civil law, as it doubtless is, it must, as is admitted, depend upon the stipulation of the parties. If the right is claimed by prescription, it supposes a grant, nor can we conceive of any case, in which one man can appropriate to himself the use of another's property without his consent.

In cities, where the houses are contiguous, and ground exceedingly valuable, the necessities of mankind has given rise in many instances to legislation, for the regulation of a subject which would otherwise be a fruitful source of vexation and dispute. The act of 14 Geo. 3, is an example of this kind, on the subject of party walls, making them joint property, and requiring each to contribute for their erection and repair. In such cases, the wall is built on the land of each, and is joint property. Here, the wall of the plaintiff in error is on his own land, is his own property, and may be removed at his pleasure.

If this action can be maintained, it is because of the benefit conferred on the defendant, by the use of the plaintiff's wall, in the construction of his house, and the necessary corollary from the proposition, is, that the judgment against the defendant would convey to him an interest in the wall. What would be the nature of this interest? Would it be a conveyance in fee, for a term of years, or during the continuance of the wall? There is no such thing known to our law, as an implied contract for the sale of an interest in land; nor indeed do we know of any law by which one can acquire an interest in a chattel, without the consent of the owner;

and without such consent no obligation arises, or can be enforced, by or against either party.

The argument here urged, is, that although there is no express contract to pay the proper proportion of the costs of the wall, the law creates a duty to contribute, when the wall is used, and from this duty, the law will imply a promise to pay. The error of this argument is in the assumption that the law creates the duty of contribution, when one man without the consent of the owner, uses his wall in the construction of his own house.  Such an act, in the absence of a law authorizing it, would be a trespass, which might entitle the party injured to compensation in damages, but could not be the foundation of an action *ex contractu.*   As it respects personal property, in many cases the injured party may waive the *tort,* and affirming it as a contract, recover as upon a contract. But in such a case, the judgment would be a transfer of the property.  No such consequence could follow the judgment in this case ; the plaintiff might remove his wall the next day.

The nearest approach to this case, is the action for the use and occupation of land, which must be upon a contract—and although where there is a holding over after the demise, or the tenant occupies by the sufferance of the owner, a promise is implied, it is for the use of the land, and not for an interest in the land itself.

We felt a strong inclination to sustain this action, if possible, from its obvious justice, but as the legislature have not acted on the subject, we feel constrained to say, that upon the principles of the common law, no such action can be maintained.   No precedent has been produced of the allowance of such an one, and none we apprehend exists.

Let the judgment be reversed and the cause remanded.