## Francis A. Calvert *vs.* Warren Aldrich.

In this Commonwealth, a tenant in common who makes necessary repairs upon the common property without the consent of his cotenant cannot maintain an action at law against him to recover contribution for the cost thereof.

Contract. The defendant filed a declaration in set-off on an account annexed for two fifths of the cost of repairs of a machine shop in Lowell: and the only question in dispute in the case was the liability of the plaintiff for any portion of such cost.

At the trial in the superior court, before *Reed*, J., these facts appeared : Calvert and Aldrich owned the machine shop and the machinery therein in the proportion of two fifths and three fifths respectively, as tenants in common ; and Aldrich, having agreed to pay to Calvert a yearly rent for such occupation of Calvert's two fifths, was in occupation thereof when the building caught fire, and the roof, windows and one of the floors were so burnt that the machinery was exposed to injury by the weather. Calvert at this time was in Europe, but had an agent in Lowell, to whom Aldrich immediately represented the importance of repairing the building. The agent confessed such importance, but replied that he had no authority from Calvert to sanction any repairs, and wrote to Calvert for instructions, who replied, declining to make any repairs upon the building. This letter the agent showed to Aldrich, who meanwhile had caused the building to be repaired. After the return of Calvert, Aldrich showed him the repairs and stated to him the expenses thereof, and asked him to contribute his proportion of the same

But Calvert, not disputing that the expenses were reasonable, contended that he was not liable for any portion of them, and refused to contribute.

On these facts the judge ruled that the defendant could not recover on his account in set-off, and ordered judgment for the plaintiff; and the defendant alleged exceptions.

*A. R. Brown*, for the defendant.

*C. Cowley*, for the plaintiff.

FOSTER, J. The issue in this action is on an account of one cotenant in common against another to recover from the defendant in set-off part of the cost of certain needful repairs made by the plaintiff in set-off upon the common property. It is not founded upon any contract between the parties, but upon a supposed legal obligation which, if its existence were established, the law would imply a promise to fulfil.

The doctrine of the common law on this subject is stated by Lord Coke as follows : " If two tenants in common or joint tenants be of an house or mill, and it fall in decay, and the one is willing to repair the same, and the other will not, he that is willing shall have a writ *de reparatione faciendâ*, and the writ saith *ad reparationem et sustentationem ejusdem domûs teneantur*, whereby it appeareth that owners are in that case bound *pro bono publico* to maintain houses and mills which are for habitation and use of men." Co. Lit. 200 *b ;* Ib. 54 *b.* And in another place he says : " If there be two joint tenants of a wood or arable land, the one has no remedy against the other to make inclosure or reparations for safeguard of the wood or corn," but if there be two joint tenants of a house, the one shall have his writ *de reparatione faciendâ* against the other. This is said to be because of " the preëminence and privilege which the law gives to houses which are for men's habitation." *Bowles's case*, 11 Co. 82.

In *Carver* v. *Miller*, 4 Mass. 561, it was doubted by Chief Justice Parsons whether these maxims of the common law, as applied to mills, are in force here, especially since the provincial statute of 7 Anne, *c.* 1, revised by St. 1795, *c.* 74.

In *Loring* v. *Bacon*, 4 Mass. 575, the plaintiff was seised in

fee of a room and the cellar under it, and the defendant of the chamber over head and of the remainder of the house; the roof was out of repair; the defendant, being seasonably requested, refused to join in repairing it; and thereupon the plaintiff made the necessary repairs, and brought assumpsit to recover from the defendant his proportion of their cost. This, it will be observed, was not a case of tenancy in common, but of distinct dwelling-houses, one over the other. Chief Justice Parsons said: "If there is a legal obligation to contribute to these repairs, the law will imply a promise. We have no statute nor any usage on the subject, and must apply to the common law to guide us." "Upon a very full research into the principles and maxims of the common law, we cannot find that any remedy is provided for the plaintiff." It was not absolutely decided that an action on the case would not lie, but the intimations of the court on the subject were such that no further attempt appears to have been made. The relations between tenants in common were not actually involved in this case, and the remarks touching the writ *de reparatione* were only incidental and by way of illustration.

*Doane* v. *Badger*, 12 Mass. 65, was an action on the case. The plaintiff had a right to use a well and pump on the defendant's land; and the defendant had removed the pump and built over the well, thereby depriving the plaintiff of the use of the water. The judge before whom the case was tried had instructed the jury that the defendant, by the terms of a deed under which he claimed, was bound to keep the well and pump in repair, although they were out of repair when he purchased, and, without any previous notice or request, was liable in damages for the injury the plaintiff had sustained by his neglect to make repairs. The court held that no such evidence was admissible under the declaration, the cause of action stated being a misfeasance, and the proof offered being of a nonfeasance only; also, that a notice and request were indispensable before any action could be maintained. Mr. Justice Jackson in delivering the opinion made some general observations, unnecessary to the decision of the cause, the correctness of which requires a par

ticular examination. He said that the action on the case seems to be a substitute for the old writ *de reparatione faciendâ* between tenants in common, and could not be brought until after a request and refusal to join in making the repairs. He added : " From the form of the writ in the register, it seems that the plaintiff, before bringing the action, had repaired the house, and was to recover the defendant's proportion of the expense of those repairs. The writ concludes, ' *in ipsius dispendium non modicum et gravamen.*' It is clear that until he have made the repairs he cannot in any form of action recover anything more than for his loss as of rent, &c., while the house remains in decay. For if he should recover the sum necessary to make the repairs, there would be no certainty that he would apply the money to that purpose." *Mumford* v. *Brown*, 6 Cowen, 475, a *per curiam* opinion of the supreme court of New York, and *Coffin* v. *Heath*, 6 Met. 80, both contain *obiter dicta* to the same effect, apparently founded upon *Doane* v. *Badger*, without further research into the ancient law. If it were true that the writ *de reparatione* was brought by one cotenant, after he had made repairs, to recover of his cotenant a due proportion of the expense thereof, there would certainly be much reason for holding an action on the case to be a modern substitute for the obsolete writ *de reparatione*. But all the Latin forms of the writ in the Register, 153, show that it was brought before the repairs were made, to compel them to be made under the order of court. Indeed, this is implied in the very style by which the writ is entitled, *de reparatione faciendâ*, viz : of repairs to be made ; the future participle *faciendâ* being incapable of any other meaning. This also appears in Fitzherbert, N. B. 127, where the writ between cotenants of a mill is translated ; the words, *in ipsius dispendium non modicum et gravamen*, (quoted by Judge Jackson,) being correctly rendered, " to the great damage and grievance of him," the said plaintiff. Fitzherbert says : " The writ lieth in divers cases ; one is, where there are three tenants in common or joint or *pro indiviso* of a mill or a house, &c., which falls to decay, and one will repair but the other will not repair the same ; he shall have this writ against them."

In the case of a ruinous house which endangers the plaintiff' adjoining house, and in that of a bridge over which the plain-tiff has a passage, which the defendant ought to repair, but which he suffers to fall to decay, the words of the precept are, " Command A. that," &c., " he, together with B. and C., his partners, *cause to be repaired.*" The cases in the Year Books referred to in the margin of Fitzherbert confirm the construction which we regard as the only one of which the forms in that au-thor are susceptible, namely, that the writ *de reparatione* was a process to compel repairs to be made under the order of court. There is nothing in them to indicate that an action for damages is maintainable by one tenant in common against another be-cause the defendant will not join with the plaintiff in repairing the common property. In a note to the form in the case of a bridge, it is said in Fitzherbert : " In this writ the party recovers his damages, and it shall be awarded that the defendant repair, and that he be distrained to do it. So in this writ he shall have the view *contra,* if it be but an action on the case for not repair-ing, for there he shall recover but damages." There is no doubt that an action on the case is maintainable to recover damages in cases where the defendant is alone bound to make repairs for the benefit of the plaintiff without contribution on the part of the latter, and has neglected and refused to do so. See *Tenant* v. *Goldwin,* 6 Mod. 311 ; *S. C.* 2 Ld. Raym. 1089 ; 1 Salk. 21 360.

The difficulty in the way of awarding damages in favor of one tenant in common against his cotenant for neglecting to repair is, that both parties are equally bound to make the repairs, and neither is more in default than the other for a failure to do so. Upon a review of all the authorities, we can find no in-stance in England or this country in which, between cotenants, an action at law of any kind has been sustained, either for contribution or damages, after one has made needful repairs in which the other refused to join. We are satisfied that the law was correctly stated in *Converse* v. *Ferre,* 11 Mass. 325, by Chief Justice Parker, who said : " At common law no action lies by one tenant in common, who has expended more than his

share in repairing the common property, against the deficient tenants, and for this reason our legislature has provided a remedy applicable to mills." The writ *de reparatione faciendâ* brought before the court the question of the reasonableness of the repairs proposed, before the expenditures were incurred. It seems to have been seldom resorted to; perhaps because a division of the common estate would usually be obtained where the owners were unable to agree as to the necessity or expediency of repairs. Between tenants in common, partition is the natural and usually the adequate remedy in every case of controversy. This is the probable explanation of the few authorities in the books, and of the obscurity in which we have found the whole subject involved. But if we have fallen into any error in our examination of the original doctrines of the common law of England, it is at least safe to conclude that no action between tenants in common for neglecting or refusing to repair the common property, or to recover contribution for repairs made thereon by one without the consent of the other, has been adopted among the common law remedies in Massachusetts.

This result is in accordance with the rulings at the trial.

*Exceptions overruled.*