W. H. CARPENTER, Plaintiff in Error, v. JAMES M. WILMOT, ADMINISTRATOR OF NANCY J. WILMOT, DECEASED, Defendant in Error.

#### Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE — EVIDENCE — ESTOPPEL.— Although evidence is introduced, over objections, which was irrelevant, immaterial and hearsay, yet, if it appears to have been drawn out on *cross-examination* by the party complaining of it, his complaint ought not to be heard. But where such evidence is introduced, on *examination in chief*, over the objection of the party complaining of it, which is *prejudicial* to him, the judgment will be reversed for the admission of such evidence.

2. ———— ———— TENDING TO SHOW IMPROBABILITY, ADMISSIBLE—CASE ADJUDGED.—Evidence intended only to show the *improbability* of the deceased executing a note to a party whom she did not owe, is admissible *for this purpose.*

ERROR to Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion.

RAILEY & BURNEY, for the plaintiff in error.

I. The defendant relied upon the plea of *non est factum.* Therefore, the only issue properly triable was

whether the defendant's intestate executed the note sued on. Bliss on Code Pleading, sects. 330 and 331; *Sheppard v. Starrett*, 35 Mo. 367; *Smith Co. v. Rembaugh*, 21 Mo. App. 393; *Dunning v. Rembaugh*, 36 Ia. 566; *State to the use, etc., v. Ferguson*, 9 Mo. 288; *Stapleton v. Benson*, 8 Mo. 13.

II. The evidence of defendant tended to prove a partial or total failure of consideration for the giving of the note. This was not admissible under the pleadings. *Eddy v. Baldwin*, 32 Mo. 369; *Sheppard v. Starrett, supra; Smith & Co. v. Rembaugh, supra;* Bliss on Code Pleading, sects. 330 and 331; *Corby, Ex'r, etc., v. Weddle*, 57 Mo. 452, 459; *Haggart v. Morgan*, 5 N. Y. 422; *Manufacturing Co. v. Lewis*, 30 Kan. 541.

III. The note *imports* a consideration. It was not, therefore, incumbent upon plaintiff to prove the consideration in the first instance. Rev. Stat., sect. 663; Bliss on Code Pleading, sect. 269. And in order to avail himself of the defence of *failure* of consideration, it was necessary for defendant to have pleaded it. *Eldridge v. Mather*, 2 N. Y. 157; *Weaver v. Bardon*, 49 N. Y. 286; *Dubois v. Herrance*, 56 N. Y. 673. See also authorities, *supra*.

IV. The *evidence* must correspond with the *allegations*, and be confined to the *point in issue. State to use, etc., v. Roberts*, 62 Mo. 388.

V. The *giving* of an instruction by the court, which properly declares the issue, does not have the effect of *curing* the admission of improper testimony. *Henkle v. McClure*, 32 Ohio St. 202; *Manf'g Co. v. Lewis*, 30 Kansas, 341; *State v. Hopper*, 71 Mo. 425; *State v. Fredericks*, 85 Mo. 145; *Weil v. Posten*, 77 Mo. 284.

VI. The evidence clearly proved the execution of the note and there was no evidence to disprove it. The evidence as to *improbability* was a foreign issue and tended to and did mislead the jury.

BOGGESS & MOORE, for the defendant in error.

I. The note was not admissible in evidence, without proof of its execution, as against the administrator. Rev. Stat., sect. 3654.

II. The *instruction* asked by plaintiff, *requiring* the jury to find for plaintiff, was properly refused. It was not conclusively proven that decedent executed the note, or *authorized* its execution. *Palmer v. Manning*, 4 Denio, 131 ; *Turner v. Loler*, 34 Mo. 461 ; *Holliday v. Jones*, 59 Mo. 482 ; *Kelly v. Railroad*, 70 Mo. 604–9 ; *Martin v. Ward*, 10 Pac. Rep. 276.

III. The instruction *given by the court* was proper. It was beyond doubt, from the evidence, that Mrs. Wilmot did not sign the note, but whether or not she *authorized* its execution was a question for the jury to determine. *Benton v. Klein*, 42 Mo. 97 ; *Owens v. Rector*, 44 Mo. 389 ; *De Graw v. Prior*, 53 Mo. 313 ; 2 Greenl. on Evid. (13 Ed.) sect. 158.

IV. The evidence that Dr. Carpenter had not practiced in the family of decedent after the death of her husband was not introduced for the purpose of showing a total or even a partial failure of the consideration of the note, but it was admissible upon this theory : The execution of the note by the decedent was denied ; hence it was proper to show that since the death of the husband of decedent, Dr. Carpenter had not practiced in her family, and that it was *improbable* that she would execute a note on account of any demand upon which she was not chargeable.

ELLISON, J.—This action is based on a promissory note purporting to have been executed by defendant's intestate, as N. J. Wilmot. The defence put plaintiff to the proof of the execution of the note. The case was begun in the probate court. On appeal to the circuit court, defendant prevailed and plaintiff brings the case here by writ of error.

The evidence for plaintiff tended strongly to show that Mrs. Wilmot authorized the execution of the note. That for the defence was wholly circumstantial; all of it with one exception, bearing upon the question, though it must be confessed some of it, quite remotely. A son of the deceased was a witness for the defence and against the objection of plaintiff was permitted to say: "I never heard my step-mother admit signing the note sued on. I never heard her say anything either way about this note; but she always told me that she had never given any note to any one."

The greater portion of this was wholly irrelevant and immaterial and the balance was clearly hearsay.

But the difficulty is, it appears to have been drawn out on cross-examination by the party now complaining of it. The question is not given to which this evidence purports to be an answer, and we can only presume the answer is responsive to some question asked by plaintiff. This being true he ought not to be heard to complain of that which he drew out.

If a witness on cross-examination, volunteers irrelevant statements, not responsive to the question propounded, they may be objected to by the party asking the question. But, as stated, the record here does not disclose the question and for aught we know the court may have overruled plaintiff's objection for the reason that he called for the testimony himself.

A step-daughter of deceased, called by defendant, was permitted to state, over plaintiff's objection, on examination in chief, that, "she never at any time was called on to sign the name of said Nancy J. Wilmot, or to witness the name of the said Nancy J. Wilmot, to any note to plaintiff, W. H. Carpenter, and that she never saw any note signed by said Nancy J. Wilmot, to said Carpenter; nor was she called upon at any time to witness or attest the signature of said Nancy J. Wilmot to any note whatever to said Carpenter." We regard this evidence as wholly irrelevant and immaterial, and, under

the state of the evidence in the case, was prejudicial to plaintiff and for the admission of which we will reverse the judgment.

Plaintiff objected to all evidence offered by defend-, ant on the ground that, as the only defence was *non est* *factum*, evidence tending to show a partial or total failure of consideration could not be received under such plea. We do not regard the evidence as offered. for the purpose alleged by plaintiff. It was evidently intended only to show the improbability of the deceased executing a note to a party whom she did not owe. For this purpose it was admissible.

The judgment is reversed and the cause remanded.. All concur.