WILLIAM G. ALDEN, in equity, *vs.* SAMUEL D. CARLETON, and others.

Knox.    Opinion March 6, 1889.

*Mill dam. Tenants in common. Repairs. Equity. R. S., c.* 57.

The parties were owners, as tenants in common, of a reservoir dam upon which the plaintiff made repairs and sought by bill in equity to recover of the defendants their share of the expenses. The mills below were not owned in common.

*Held*, that if the dam were part and parcel of the mill below, so as to come within the mill act, the law provides an ample remedy.

*Held, also*, that the remedy in equity, is only when subsequent to the repairs, the defendant has by some voluntary act appropriated or adopted them, and derived some benefit from them.

ON REPORT. This was a bill in equity, in which the plaintiff sought to recover of the other co-owners of a reservoir mill dam, their respective shares for repairs and improvements.

The facts are sufficiently stated in the opinion.

*J. H. Montgomery*, for plaintiff.

In *Webb* v. *Laird*, 59 Vt. 108, where one co-owner repaired a mill dam the court say: "Each having an interest in the water power, and the right to maintain it if the other abandons it, it follows that they have a mutual interest in, and are under a mutual duty to maintain it, so long as each continues to exercise his right to it. While enjoying this mutual interest under the mutual duty, equity will compel each to contribute towards its maintenance according to his relative right and interest." Story's Eq. § 1237; Wash. Real Prop., vol. 1, p. 665; *Coffin* v. *Heath*, 6 Met. 76, 80. Dam necessary for all the mill owners. Notification to Alden, ten years before this work was done. If Adams was not agent, plaintiff was led into mistaken belief, on which he worked for mutual benefit of all the owners, and equity will aid him. Story's Eq., § 77. Answer of defendants to the Fernald bill in equity, competent evidence. *Brown* v. *Jewett*, 120 Mass. 217.

*W. H. Fogler*, for defendants.

Defendants are tenants in common, but not co-partners, in dam.

*Jordan* v. *Soule,* 79 Maine, 590, 592. Plaintiff should have proceeded in manner provided by R. S., c. 57. Statute remedy exclusive, in absence of contract. *Buck* v. *Spofford,* 31 Maine, 34; *Carver* v. *Miller,* 4 Mass. 559, 561, 562.

Notice, request and refusal are not sufficient. *Carver* v. *Miller, supra.* Plaintiff has proved no contract. Express promise of Adams, if any, does not bind his co-tenants. *Lane* v. *Tyler,* 49 Maine, 252.

Having a legal remedy cannot maintain action in equity. *Bird* v. *Hall,* 73 Maine, 73; *Dennison Co.* v. *Robinson Co.,* 74 Id. 116; *Gamage* v. *Harris,* 79 Id. 531; *Davis* v. *Weymouth,* 80 Id. 307. This defense available, after hearing on answer. *Dennison Co.* v. *Robinson Co., supra;* Story's Eq., § 447.

DANFORTH, J. The parties in this case are the owners, as tenants in common, of a reservoir dam at the outlet of Megunticook lake, built and maintained for the purpose of storing water to be used by the mills on the stream below, when needed. But while they are tenants in common of the dam, they do not use the water in common. The plaintiff owns and operates one mill, while the answering defendants as tenants in common with Joseph Norwood, are the owners and operators of another and a different mill, on a different privilege farther up the stream.

At different times, the plaintiff made repairs and improvements upon and in connection with the dam and seeks in this process to recover of the defendants their contributory share of the expenses. One defense is that the plaintiff's remedy is at law.

That the plaintiff now has no remedy at law, is certain. That he might have had one for the repairs, may be equally certain. But he has lost it by the omission of the necessary preliminary proceedings.

If this dam was a part of the several mills on the stream, the plaintiff upon the refusal of the defendants to join in making the necessary repairs, under the provisions of the old common law of England, could have resorted to the writ of *de reparatione facienda.* 4 Kent Com. 370; 2 Story Eq. Jur., § 1235. This writ, however, has not been received with much favor in this country and very early in Massachusetts it was superseded by the passage of the mill

act. This act with slight change has remained in force in Massachusetts and this state to the present time. R. S., c. 57. This act affords a remedy in such cases and the only remedy, unless the repairs are made under a special contract, the terms of which, the act, by its provisions, does not interfere with R. S., c. 57, § 3 ; *Carver* v. *Miller,* 4 Mass. 559 ; *Buck* v. *Spofford,* 31 Maine, 34 ; *Converse* v. *Ferre,* 11 Mass. 325.

If there is an existing obligation to make repairs, then whether the dam comes within the mill act or otherwise, an action will lie in favor of the repairing owner, but only when a previous request to the co-tenant has been made, to join in the repairs and a refusal by him. *Doane* v. *Badger,* 12 Mass. 65 ; Washburn R. P. 571, (3d ed.) 4 Kent. Com. 371, (12th ed.) The preliminaries required in either case not having been complied with, the plaintiff has no remedy at law unless by virtue of a contract. If there were one it cannot aid in this process, but would destroy it. It is sufficient now that none has been alleged and none proved.

It is thus evident, that the plaintiff has, so far as now appears, lost his remedy by law through his own negligence in not complying with its provisions. Can he support his bill in equity ?

It may be said, that having thus lost his legal remedy, if the plaintiff made the repairs without a contract he did so at his peril and is now without any remedy. This is true so far as the legal foundation is concerned. The mere fact that he made the repairs upon the common property is not sufficient foundation for his claim in equity ; nor can it be sustained by a relation between the parties previously existing, or on any obligation previously resting upon the defendants. It must be sustained, if at all, by something more than these, something done by the defendants subsequent to the repairs.

In Story's Eq. Jur., § 1236, the author says : "But the doctrine of contribution in equity is larger than it is in law; and in many cases, repairs and improvements will be held to be, not merely a personal charge, but a lien on the estate itself." But this is not for the purpose of saving a man from the consequences of his own negligence nor of charging the other party in opposition to the law. As Judge Story says in the next section, it is "where the

party making the repairs and improvements has acted in good faith and innocently, and there has been a substantial benefit conferred upon the owner, so that, *ex aequo et bono,* he ought to pay for such benefit." Broom in his Maxims, page 706, states the same principle thus: "He who derives the advantage ought to sustain the burden." There are various other ways in which the principle has been stated, but all to the effect, that the party to be charged without any previous contract or obligation to pay, has put himself voluntarily in a condition, by adopting or appropriating the repairs, to receive, and has received a substantial benefit from them. In *Webb* v. *Laird,* 59 Vt. 108, these principles were fully discussed, and the defendant held, because he had appropriated the repairs and received a benefit from them. The same principles, applied to the facts in this case, lead to an opposite conclusion.

It is true, the bill alleges and the fair inference is, that the dam was built for the mills below and that they or some of them received a benefit from it. But there is no allegation, and the proof does not warrant the inference, that the defendants desired the improvements made in 1886, and this must include the repairs of that year, (as both the bill and proof show that they were made necessary by the improvements,) or that their mill needed them, or that they have received any benefit from them. On the other hand the proof shows, that the defendants did not want the improvements, have never adopted them, or voluntarily received any benefit from them, but have used their mill as before, and that previous notice in writing was given the plaintiff warning him against making them. Nor can we deem it, in entire accordance with good faith, to make the repairs in disregard of the preliminary requirements of the statute, as the facts now appear.

*Judgment for the defendants, who*
*have answered, with costs.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.