## PAMELIA B. FREEMAN vs. HENRY J. FOGG.

Somerset. Opinion February 22, 1890.

82 408
87 483

*Action. Amendment. Evidence. Attorneys. Practice. Damages.
Rule of Court, 42.*

In an action on account annexed to recover $1,000, the consideration for a conveyance of land at the defendant's request, the plaintiff was permitted to amend by adding a special count alleging a sale, the defendant's promise in consideration thereof to give the plaintiff a life-support, a breach of the promise, and the damages thereby occasioned. The amendment was allowed on the condition that a greater sum should not be recoverable. The elements of both counts being in substance the same; *Held,* that the amendment was properly granted.

The defendant had been previously divorced from his wife, the plaintiff's daughter. As bearing on the improbability that the plaintiff and defendant would contract for the former's support in his family, a question upon which the parties were at issue, the fact and date of the divorce is admissible in evidence; but otherwise of the allegations in the libel upon which the divorce was decreed,—they being too remote, and introducing collateral matters foreign to the issue.

Attorneys may testify, in causes in which they are engaged, by leave of court, and without leave of court by afterwards withdrawing from the trial. It is proper to instruct the jury that they should not draw unfavorable inferences against parties for omitting to call their attorneys as witnesses, and to require counsel from commenting, in argument, upon such omission.

The damages for the breach of a contract for a life-support are such a sum, which if invested at a reasonable rate of interest, will yield an annual income during the plaintiff's life sufficient for his support, leaving nothing remaining at the time of his death.

ON MOTION AND EXCEPTIONS.

The plaintiff having recovered a verdict, the defendant excepted to the rulings and instructions of the court, as appears in the opinion. The motion was not pressed at the argument, there being no report of the defendant's evidence.

*Merrill and Coffin, D. D. Stewart,* of counsel, for defendant.

Amendment introduced a new cause of action.

*Newall* v. *Hussey,* 18 Maine, 249; *Vancleef* v. *Therasson,* 3 Pick. 12; *Ball* v. *Claflin,* 5 Pick. 304. The two contracts differ

in date, consideration, acts to be done by defendant, and measure of damages. *Cooper* v. *Waldron*, 50 Maine, 80 ; *Sawyer* v. *Goodwin*, 34 Id. 419 ; *Annis* v. *Gilmore*, 47 Id. 152 ; *Milliken* v. *Whitehouse*, 49 Id. 527.

*Walton and Walton*, for plaintiff.

To allowance of amendment, counsel cited :—

*Cummings* v. *R. R.*, 35 Maine, 478 ; *Dodge* v. *Haskell*, 69 Id. 429 ; *Ball* v. *Claflin*, 5 Pick. 303 ; *Bishop* v. *Williamson*, 11 Maine, 495 ; *Haynes* v. *Morgan*, 3 Mass. 208 ; *Cuminge* v. *Rawson*, 7 Mass. 440 ; *Selden* v. *Beale*, 3 Maine, 178 ; *Tenney* v. *Prince*, 4 Pick. 385 ; *Loring* v. *Proctor*, 26 Maine, 18 ; *Wilson* v. *Widenham*, 51 Id. 566 ; *Holmes* v. *Robinson Mfg. Co.*, 60 Id. 201 ; *Ripley* v. *Hebron*, Id. 379 ; *Rand* v. *Webber*, 64 Id. 191 ; *Starbird* v. *Henderson*, Id. 570 ; *Ward* v. *Kimball*, 65 Id. 308 ; *Walker* v. *Fletcher*, 74 Id. 142 ; *Matthews* v. *Treat*, 75 Id. 594 ; *Kelley* v. *Bragg*, 76 Id. 207 ; *Basford* v. *Pearson*, 9 Allen, 387 ; *Smith* v. *Palmer*, 6 Cush. 513 ; *Hill* v. *Haskins*, 8 Pick. 83 ; Spaulding's Prac. p. 313 ; *Bank* v. *White*, 17 N. H. 389 ; N. H. Rules of Court, 38 N. H. 583 ; *Stevenson* v. *Mudgett*, 10 N. H. 338 ; *Taylor* v. *Dustin*, 43 N. H. 493 ; *Chase* v. *Tufts*, 58 N. H. 43 ; *McIntire* v. *R. R.*, Id. 137.

PETERS, C. J. In the account annexed, the plaintiff's claim is alleged in this form: "To consideration for my conveyance to you (defendant) of one sixth interest in your farm in Cornville— $1,000.00." After the trial had proceeded at some length, the plaintiff was allowed to amend his writ by adding a special count, alleging a sale to defendant of one sixth of the farm, a promise of the defendant, in consideration of such conveyance, to render to the plaintiff a life-support at his home, a breach of the promise, and the damages occasioned thereby,—a condition of the amendment to be that no more than one thousand dollars should be recoverable under such new count.

The propriety of this amendment is denied. We are unable to perceive that its allowance transcended the legal limit. The elements of the unamended and of the amended declaration are in substance the same,—those of the latter being elaborated. By

the writ as it was, the plaintiff sues for a thousand dollars for her interest in land. By the writ as it is, she sues for the value of something worth one thousand dollars, for her interest in land. It will be noticed that the declaration, as it originally stood, does not claim the value of the land, but an amount agreed to be paid therefor. The plaintiff now asserts that the consideration which she was to receive, instead of being one thousand dollars in money, was something actually worth one thousand dollars, if reduced to or converted into money. At first it was the skeleton bare,—now it is the skeleton clothed.

As bearing on the improbability that plaintiff and defendant would contract for her support in his family after he had been divorced from his wife, plaintiff's daughter, the defendant denying such agreement, the counsel for the defendant offered in evidence the libel and its allegations, upon which the divorce was decreed. The judge admitted the fact of divorce, and its date, but not the causes alleged for a divorce. This was undoubtedly correct. The evidence excluded was too remote, and had it been admitted, would have introduced collateral matter very foreign to the issue.

The case discloses that, when a contract was made by the parties, which plaintiff says was for her support, the defendant denying it, and contending that it was altogether a different transaction which then took place, Mr. Walton and Mr. Merrill, opposite counsel in this trial, were present at the time. Neither of the counselors was called as a witness, and neither offered to testify, nor asked the privilege. In the course of the closing argument, another counsel for the defense, Mr. Stewart, was proceeding to comment upon the omission of the plaintiff to call her own counsel, Mr. Walton, to corroborate her testimony, and to contradict the defendant's as to that transaction, when the presiding judge interrupted the argument with the remark that such comment was not allowable; and the judge in his charge told the jury they were not at liberty to draw any unfavorable inference against the plaintiff for omitting to call Mr. Walton as a witness, nor against the defendant for not calling Mr. Merrill, as they were not competent witnesses. This remark was not literally correct. The attorneys

could have testified by leave of court, and without leave by afterwards withdrawing from participating further in the trial of the cause. Rule 42, 72 Maine, 581. While it may not be that the attorneys were incompetent to testify, they did not testify, and the testimony having been closed with no word spoken about their testifying, we think it was proper for the judge, as the case then stood, to prevent comment on the omission. Such a course is in harmony with the rule which the court has established to discourage lawyers from identifying themselves with their causes as witnesses. We think the defendant is not aggrieved by this direction.

The rule of damages, given in the charge, is excepted to in one particular. After stating that the damages recoverable by the plaintiff would be the value of her life-support, she to contribute towards such support in reasonable ways by her own exertions and labor, and explaining the usual mode of ascertaining her expectation of life, which was admitted to be between nine and ten years, the judge added these propositions: "But you must remember that it is a sum of ready money which if she receives it, she may invest and receive an income upon it. It is such a sum as if invested at a reasonable rate of interest would yield an annual income during her lifetime sufficient to support her, leaving nothing remaining at the time of her death. But they could not exceed $1000 and interest from date of writ."

It is contended that an element was omitted from the true rule, and that the statement would more properly be, that she should have a sum which together with its income would support her for the lifetime. But did not the judge say that substantially? Could not the jury understand him as so meaning, by the expression, "leaving nothing remaining at her death?" We think so.

*Motion and exceptions overruled.*

VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.