[No. 1347.]

HENRY WELLAND, Appellant, *v.* WESLEY WILLIAMS AND MARY WILLIAMS, Respondents.

PRACTICE—CONFLICTING EVIDENCE.—Where there is a substantial conflict in the evidence, this court will not reverse the findings of the trial court.

IDEM—SUCCESSOR OF TRIAL JUDGE PASSING ON MOTION FOR NEW TRIAL.—This rule is not changed by the fact that the judge that passed upon the motion for new trial did not preside at the trial of the case.

CO-TENANTS—LIABILITY RELATIONS WITH EACH OTHER.—One co-tenant is not responsible to his co-tenant for the cost of improvements put upon the common property unless he so agreed, or afterwards ratified the act of making them.

IDEM—CORROBORATIVE EVIDENCE.—Where there is a direct conflict in the evidence as to whether he so agreed, a notice which merely tends to corroborate the witnesses by showing the relations which existed between the parties, is admissible in evidence.

PRACTICE—IMPLIED FINDINGS.—All facts not expressly found are presumed to have been found in support of the judgment.

IDEM—IMPLIED FINDINGS, WHEN AVAILABLE AS ERROR.—To constitute error upon an implied finding there must have been a request for an express finding upon the point, or it must be assigned as error that the implied finding is not supported by the evidence.

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Lincoln county.

*Thomas H. Wells* and *G. F. Talbot*, District Judges.

The facts are stated in the opinion.

*Geo. S. Sawyer* and *J. Poujade*, for Appellant.

I. This court in determining the question as to whether the order appealed from should be reversed should proceed as though hearing the motion for a new trial in the first instance.

The judge who made the order appealed from was not the judge who tried the case. The reason for the rule that appellate courts will not reverse the decisions of *nisi prius* courts upon motions for new trials, unless there is a great preponderance of evidence against them, ceases in this case and with it ceases the rule.

II. The theory of the action for money paid out and expended is eminently an equitable one, and if any one voluntarily receives and enjoys the benefits of money so laid out and expended for him, the law implies the request and promise to pay his share. (2 Greenleaf Ev. 14 Ed. Sec. 114, n. 17; *Curtis* v. *Fiedler*, 2 Black 461; 1 Estee Plead. Sec. 319; *Davis* v. *Thompson*, 1 Nev. 17).

III. The testimony of appellant and of a disinterested witness shows conclusively that appellant expended the money for the hoisting works and machinery with the distinct understanding that he was to receive it back from the proceeds of the mine. The testimony of respondents can only be considered as that of one witness. It follows that there is a conclusive preponderance of evidence against the decision of the court below.

IV. All relations of co-tenancy, or mining partnership, had ceased prior to the commencement of this action and there was no accounting amongst the parties. (*Wicks* v. *Lippman*, 13 Nev. 499.)

*T. J. Osborne* and *Rives & Judge*, for Respondents.

I. It is well settled by both principle and authority that where the moving party on motion for new trial intends to rely on the point that a finding of fact is not supported by or is contrary to the evidence, he should specify in his statement wherein such finding is not justified or supported by the evidence. (*Smith* v. *Logan*, 18 Nev. 149; *Langworthy* v. *Coleman*, 18 Nev. 440; *Cowing* v. *Rogers*, 34 Cal. 648; *Beans* v. *Emanuelli*, 36 Cal. 117.)

II. A tenant in common cannot charge either lands or co-tenants for improvements on the common property. (*Rico R. & M. Co.* v. *Musgrove*, 23 Pac. Rep. 458; *Thurston* v. *Dickinson*, 46 Am. Dec. 56; *Calvert* v. *Aldrich*, 99 Mass. 74.) In the absence of a showing of express authority no contribution, even for necessary repairs, can be recovered by one co-tenant

from another. (*Stackpole* v. *Stackpole*, 32 N. W. Rep. (Mich.) 808; *Wiggins* v. *Wiggins*, 43 N. H. 561.)

By the Court, BIGELOW, J.:

The plaintiff owned one-third of a certain mine, H. W. Turner one-third and the defendants, who are husband and wife, the other third. The plaintiff, at his own expense, erected hoisting works upon the property at a cost of about five thousand dollars, of which, in June, 1890, he had been repaid from the proceeds of the mine about two thousand dollars, at which time the co-owners separately sold their entire interest in the mine to a third party.

This action is brought to recover from the defendants one-third of the balance of the expense so incurred by the plaintiff in the erection of the hoisting works. He bases his right to recover upon the grounds: *First,* that at the time the works were constructed the defendant's agreed that the plaintiff should be repaid from the proceeds of the ore to be taken from the mine; *secondly,* that the defendants were bound under the circumstances, even without such an agreement, to repay him one-third of his outlay.

1. The court found that the defendants did not agree to the erection of the works, nor to the plaintiff's retaining from the proceeds of the mine the expense of so doing. There was a substantial conflict in the evidence upon this point, and, even if not satisfied with the finding, this prevents us from looking into the evidence for the purpose of determining where its weight lies. All that need be said is, that there is not such a clear preponderance against the finding as convinces us that the court erred, or as would justify us in substituting our judgment for that of the judge who heard the case.

While admitting this to be the rule, it is contended that it does not apply here, because the judge who passed upon the motion for new trial did not hear the evidence and knew nothing about it except as reported in the statement; but we do not understand that this makes any difference. The judge who presided at the trial did hear it, and it is his discretion and judgment, as well as that of the judge who heard the motion, that we have no right to overrule. Whether this should be so held in cases tried by a jury, where the presiding judge has had no opportunity of expressing his opinion concerning the evidence,

we need not consider.   The authorities are that even this makes no difference.   (*Allschul* v. *Doyle*, 48 Cal. 536; *Macy* v. *Davila*, Id. 648; *Rice* v. *Cunningham*, 29 Cal. 494; *Hawkins* v. *Reichert*, 28 Cal. 538   See Hayne, New Trials & App. Sec. 288.)

2.   In 1886, while the defendant, Wesley Williams, was the owner of the defendant's interest, the co-owners entered into an agreement to work the mine as the majority might deem for their best interest.   He, however, soon became dissatisfied, objected to the manner in which the mine was being worked, and apparently to avoid the effect of this agreement, conveyed his interest to his wife, who placed a notice on the property that she would not be responsible for any indebtedness incurred upon the mine.   This notice was kept posted during all the time of the construction of the works and up to the sale in 1890. The court admitted this notice in evidence, over the plaintiff's objection that it was immaterial and irrelevant, and this ruling is assigned as error.

As already stated, there was a serious conflict in the evidence as to whether the defendants agreed to the construction of the works—Turner testifying for the plaintiff that they had, and the defendants denying it.   As tending to corroborate their version of the matter, they stated that they had frequently and continuously objected to the manner in which the property was being managed by their cotenants, and in connection with this testimony, offered this notice in evidence.

It must be admitted that the notice had no direct bearing upon the question of whether they had or had not made the agreement but it tended to illustrate the situation and relation of the parties, and in the conflict of direct evidence, would naturally assist the court in determining whether it was probable that they had consented to the doing of something to which they had all along been objecting.   As such corroborating testimony, we think no error was committed in admitting it.   (*Freeman* v. *Fogg*, 82 Me. 408; *Carpenter* v. *Wilmot*, 24 Mo. App. 589; *Richardson* v. *McGoldrick*, 43 Mich. 476; *Pennsylvania, etc , Co.* v. *Dandridge*, 8 Gill. & J. 248; *Dryer* v. *Brown*, 52 Hun. 321.)

3.   In the absence of an express or implied agreement between cotenants that the expense of improvements made by one of them upon the common property is to be repaid, or such ratification as amounts to such an agreement, it is clear, under

the authorities, that neither can maintain an action against the other to recover any portion of such expense. (Freem. Coten. Sec. 262; *Calvert* v. *Aldrich*, 99 Mass. 74; *Alleman* v. *Hawley*, 117 Ind. 532.) If we admit, as we certainly do, that circumstances may exist which amount to a ratification of such expenditure, and which would make the cotenant liable for them (*Pickering* v. *Pickering*, 63 N.H. 468; *Alden* v. *Carleton*, 81 Me. 358), the answer is that the facts necessary to support such a case were not found by the court, and in the absence of an express finding, it must be presumed, without regard to the evidence, that the findings were such as to support the judgment; and, further, if it be said that such an implied finding is contrary to the evidence, that this is not assigned as an error in the case.

As already stated, the mere fact of the making of the improvements upon the common property is not sufficient to sustain the plaintiff's action. In addition, he must show either that it was understood that he was to be repaid the expense of making them, or such a voluntary appropriation by his co-tenant of the benefits derived from them as, in equity and good conscience, amounts to a ratification and adoption of the act of making them.

The findings here do not show that the hoisting works were of any value to the mine, or that when the defendants sold, the works were included in the sale, or that they received any greater price for their interest in the mine by reason of the works being there. Whether, if these facts, or some of them, had been found, they would have been sufficient to enable the plaintiff to recover, we need not consider, because if so, we must, in support of the judgment, presume that they were found not to exist.

The statute has established an orderly method whereby a losing party may have a case reviewed and his rights determined. If it is claimed that the judgment is contrary to the findings, this may be assigned as error. If all the issues in the case have not been covered, findings upon the omitted points may be requested, when it will become the duty of the court to supply them. (*Hathaway* v. *Ryan*, 35 Cal. 191.) If not so requested, the judgment will not be reviewed upon that point (*Warren* v. *Quill*, 9 Nev. 259), unless it be upon an assignment of error that the evidence does not support, or is contrary to, the implied finding (*More* v. *Lott*, 13 Nev. 377).

Whether these two cases are in conflict, or what should be the

correct practice where it is claimed that the implied findings are not supported by the evidence, need not be considered here, because the plaintiff has brought himself within neither of them. One or the other course must be pursued, for it is not sufficient to justify a reversal that the evidence shows generally that the case should have been decided in favor of the other party.' (*Caldwell* v. *Greely*, 5 Nev. 260; *Martin* v. *Matfield*, 49 Cal. 42; Hayne New Trials & App. Sec. 150.)

The only assignment of error upon the findings is concerning those expressly found against the plaintiff, and we are consequently not called upon nor permitted to review others that must be implied in support of the judgment.

The judgment is affirmed.