# Merchants Bank of Florence *v.* Foster.

*Action for Contribution for Repairing Wall.*

1. *Contribution to repair partition wall; only recoverable on contract.*—In the absence of statute creating a liability to contribute to such expenditures, a recovery by one owner of a partition wall against the other owner of a proportionate part of the costs of repairs made by him on the wall can only be had at law in such case upon the theory and fact of a contract express or implied. To show a contract existing by implication only the circumstances must as in other cases be such as to give rise to a reasonable inference of an understanding between the parties that the party sought to be charged would share the expense.

2. *Contribution in absence of contract; not known at common law.* A cotenancy implies the right of each owner of a partition wall tot he possession and use of the entire wall; and while contribution among cotenants for expenses incurred by some in the preservation and improvement of the joint property has been recognized in equity as an enforceable duty, even where there has been no contract, the principle was not known to the common law.

APPEAL from Lauderdale Circuit Court.

Tried before Hon. T. R. ROULHAC.

Action by the Merchants' Bank of Florence against J. E. Foster for contribution for expenses paid by the plaintiff for repairing partition wall. The suit was commenced in justice court where judgment went for the plaintiff. Defendant appealed to circuit court, and in that court the defendant demurred to the complaint. Demurrer was sustained, and plaintiff declining to amend, judgment final was rendered on the demurrer.

JOHN T. ASHCRAFT, for appellant.—(1). If there be a party wall between two houses, each owner is bound to contribute to repairs.—*Campbell v. Mesier,* 4 Johns. Ch. 334; *Alexander v. Ellison,* 79 Ky. 148; *List v. Hornbrook,* 2 W. Va. 340. (2). Jurisdiction assumed by

[Merchants Bank of Florence v. Foster.]

courts of law.—*Craythorne v. Swinburne,* 14 Vesey's Ch. 164; *Haven v. Mehlgarten,* 19 Ill. 91; *Fowler v. Fowler,* 50 Conn. 256; *Jeffries v. Ferguson,* 40 Mo. 244.

JNO. B. WEAKLEY, *contra.*—The remedy by one joint owner of a partition wall against the others for contribution for repairs is in equity; it does not exist at law. *Cheeseborough v. Green,* 126 Am. Dec. 196; *Wiggins v. Wiggins,* 80 Am. Dec. 195; Note to *Block v. Isham,* 92 Am. Dec. 296. (2). Joint owner not liable to contribute in absence of contract.—*Loring v. Bacon,* 4 Mass. 575.

SHARPE, J.—This action is based upon a supposed obligation on the part of the defendant to pay to the plaintiff a proportionate part of the cost of repairs made by him on a partition wall.

In the absence of statute creating a liability to contribute to such expenditures, a recovery can only be had at law in such case upon the theory and fact of a contract express or implied. To show a contract existing by implication only, the circumstances must as in other cases, be such as to give rise to a reasonable inference of an understanding between the parties that the party sought to be charged would share the expense. With some exceptions made only by statute or in equity it is a general rule that no one can make another his debtor without his consent. Accordingly it was held in *Bisquay v. Jeunelot,* 10 Ala. 245, that·no such contract could be implied from the mere use by the defendant in that case of a wall standing by his own lot but resting entirely upon the plaintiff's lot.

In *Automarchi's Extr. v. Russell,* 63 Ala. 356 the complainant sought contribution to the expense of rebuilding a destroyed party wall partly upon the complainant's and partly upon the defendant's lot. No agreement for such contribution being shown, and the wall being owned each half in severalty, it was held that the claim was not established. That case was followed in *Priess v. Parker,* 67 Ala. 500. The case at bar differs from each of those mentioned in that it is for repairs only, and the wall is alleged to belong to the plaintiff and defendant as "joint owners and users or cotenants."

A cotenancy implies the right of each owner to the possession and use of the entire wall.—*Graves v. Smith,* 87 Ala. 450. Contribution among cotenants for expenses incurred by some in the preservation and improvement of the joint property has been recognized in equity as an enforceable duty, even when there has been no contract. *Campbell v. Mesier,* 4 John. Ch. R. 334; *Wilton v. Tazewell,* 86 Ill. 29; *Day v. Caton,* 119 Mass. 513. This however is upon the equitable principle that equality of right should be attended with equality of burden, the application of which is indefinite, and is made only where the peculiar equities of the case demand it. The principle was not known to the common law.—*Calvert v. Aldrich,* 99 Mass. 74; *Converse v. Terre,* 11 Mass. 325; *Wiggins v. Wiggins,* 43 N. H. 561. We have no statute creating the liability. This complaint negatives the existence of a contract, by averring in substance a refusal on the part of the defendant to join in making or in paying for the repairs. It therefore fails to show a legal liability against the defendant, and the demurrer was properly sustained.

Affirmed.