MANHATTAN CO., APPELLANT, v. WHITE, RESPONDENT.

(No. 3,350.)

(Submitted February 9, 1914. Decided February 28, 1914.)

[140 Pac. 90.]

*Tenants in Common—Ditches—Cost of Maintenance—Actions— Complaint—Insufficiency.*

1. One tenant in common may not charge the other with expense of repair or improvement of the common property, except when incurred with the latter's consent or, in case of necessity, upon prior notice and demand met with refusal to co-operate; hence the complaint in an action by a ditch owner to recover from his co-owner the latter's proportionate share of the cost of repair and maintenance of the ditch, *held* not to state a cause of action in the absence of allegation of any of the matters referred to above.

[As to law of betterments, see note in 81 Am. St. Rep. 164.]

*Appeal from District Court, Gallatin County; J. M. Clements, Judge of the First Judicial District, presiding.*

ACTION by the Manhattan Company, a corporation, against J. F. White. Plaintiff appeals from the judgment and from an order overruling its motion for new trial. Order affirmed; judgment reversed with directions.

*Messrs. Hartman & Hartman,* for Appellant, submitted a brief; *Mr. Walter Hartman* argued the cause orally.

*Mr. John A. Luce,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The complaint alleges: That the plaintiff is the owner of 1305/1500 of what is known as the Moreland canal and water right in Gallatin county, Montana; that the defendant is the owner of 83/1500 of the same; that the defendant became such owner by virtue of a deed executed and delivered to him by the plaintiff on May 23, 1905, which deed, after describing certain real estate thereby conveyed, contains the following language: "Including with said land the following interest in and to the canal known as the Moreland canal, to wit: 83/1500 interest. The party of the second part to assume his proportionate amount of the cost of maintaining said canal"; that said deed was delivered and accepted by the defendant in consummation of a certain written contract entered into by the plaintiff and the defendant on May 23, 1905, which contract contained the following provision: "Said White further agrees to stand 83/1500 of cost of maintenance of said Moreland ditch"; that between May 23, 1905, and December 31, 1909, "plaintiff did and performed all the work and labor and furnished all the money expended in and about the maintenance of said canal during said time, and in full completion of said work of maintenance, said work and labor done and money expended amounting in the aggregate to the sum of $5,458.04, and that the share thereof due from defendant to plaintiff pursuant to the covenants and agreements of defendant contained in said deed and contract as aforesaid, amounts to $302.12 (or 83/1500 of said sum of $5,458.04), no part of which has been paid, though defendant has often been requested to pay the same by plaintiff."

A general demurrer to this complaint was overruled, and after answer by the defendant and trial to the court without a jury,

the plaintiff was adjudged to have and recover the sum of $72.80. The plaintiff, deeming that judgment inadequate, appeals therefrom, as well as from an order overruling its motion for new trial.

Certain contentions are presented in support of the appeals, grounded upon an alleged misconstruction by the trial court of the provisions of the contract and deed above quoted; but these we cannot consider, for the reason that the respondent, invoking the provisions of section 7118, Revised Codes, insists—and quite [1] correctly—that the complaint does not state facts sufficient to support any judgment. Under the facts stated by the complaint, the parties stand in the position of tenants in common. This circumstance is recognized and argued by the appellant itself. Such being their situation, neither was the agent of the other; neither could charge the other with any expense incurred in the repair or improvement of the common property, except by consent, or, in case of necessity, upon prior notice to the other with demand and refusal to co-operate therein. (Freeman on Cotenancy, *etc.*, secs. 182–185, 261, 262; 38 Cyc. 50; *Ward* v. *Ward*, 40 W. Va. 611, 52 Am. St. Rep. 911, and note, 29 L. R. A. 449, 21 S. E. 746; *Cooper* v. *Brown*, 143 Iowa, 482, 136 Am. St. Rep. 768, 122 N. W. 144; note to *Robinson* v. *McDonald*, 62 Am. Dec. 482; *Stickley* v. *Mulrooney*, 36 Colo. 242, 118 Am. St. Rep. 107, 87 Pac. 547; *Mumford* v. *Brown*, 6 Cow. (N. Y.) 475, 16 Am. Dec. 440; *Kidder* v. *Rixford*, 16 Vt. 169, 42 Am. Dec. 504; *Calvert* v. *Aldrich*, 99 Mass. 74, 96 Am. Dec. 693; *Welland* v. *Williams*, 21 Nev. 230, 29 Pac. 403; *Stevens* v. *Thompson*, 17 N. H. 103; *Taylor* v. *Baldwin*, 10 Barb. (N. Y.) 582.)

It was therefore necessary for the appellant to allege and prove consent or ratification; or, failing that, necessity with a prior notice, demand and refusal. The complaint does not contain any such allegations, and the deficiency was not supplied by pleading the deed, because the stipulation above quoted—which is the only one at all pertinent—merely fixes the measure of respondent's general duty and cannot be construed as referring to the particular work or expenditure in question, nor as an

admission of its necessity, nor as an authorization of appellant to do it either then or at any particular time. It was not found by the court that there had been consent, notice, demand or refusal. To sustain any judgment we should be required to deem the complaint amended and to imply essential findings; but the complaint cannot be deemed amended because the bill of exceptions does not present any evidence or disclose that any of these facts was established by evidence received without objection; and we cannot imply findings of fact without either pleadings or proof.

As the case is presented, the duty of the court is to make disposition of it according to the substantial rights of the parties as shown upon the record. (Rev. Codes, sec. 7118.) The order appealed from is therefore affirmed, but the judgment is reversed at the cost of appellant, and with directions to the district court of Gallatin county to vacate its order overruling the demurrer to the complaint and to enter an order sustaining the same.

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.

Rehearing denied April 22, 1914.