ERHARDT and others *v.* BOARO and others.

(*Circuit Court, D. Colorado.* June 20, 1881.)

1. EQUITY.
    One cannot take advantage of his own wrong.

2. MINES—DISCOVERERS—LOCATORS—INJUNCTION.
    Where prospectors on the public domain, on discovering mineral, set up
    their discovery stake and fully complied with the requirements of the state
    law, except in a single particular, *held*, on an application for an injunction to
    restrain the defendants who had pulled up the stake, entered into possession,
    and located the claim, from working the claim and removing ore therefrom,
    that, as the plaintiffs were prevented by the defendants from complying with
    the statute in that single particular, their rights would not be prejudiced
    thereby and the injunction would be granted.

Application for Injunction.

*M. B. Carpenter, Wells, Smith & Macon*, for plaintiffs.

*Markham, Patterson, Thomas & Campbell*, for defendants.

MILLER, Justice.    Plaintiffs, while prospecting on the public
domain, discovered mineral within about two feet of the surface of
the ground, and on the seventeenth day of June set up their discovery
stake, containing the name of the lode,—Hawk,—the date of the dis-
covery, the name of the discoverers, and the other matters sub-
stantially as required by law.    On the thirtieth day of June, 13 days
thereafter, the defendants pulled up the stake so set by the plaintiffs,
threw it away, entered into possession, and went to work in the same
hole, and having sunk the shaft to the required depth, made a
location of the claim.

Plaintiffs brought their action at law for the possession, alleging
that they were the discoverers thereof, had planted their discovery
stake, and within the 60 days allowed by law in which to complete
the sinking of their prospect shaft and make their formal location,
the defendants wrongfully entered and hold the claim; and plaintiffs
seek an injunction, in aid of their action at law, to restrain the
defendants from working the claim and removing ore therefrom.
The affidavits filed in support of the motion for injunction show that
in consequence of threats made by defendants, plaintiffs were deterred
from entering on the claim and prosecuting the development work
within the time required, and that, though they procured a survey to
be made upon which to make out a location certificate, this was done
secretly, by the officer who made the survey for defendants.    It is
claimed for defendants that the plaintiffs were not in actual posses-
sion of the claim between the seventeenth day of June, the time they

set their stake, and the thirtieth of June, when defendants entered; and further, that the notice upon the discovery stake of plaintiffs was not sufficient, in that it failed to give the course of the lode.

The law of the state gives 60 days after making discovery of mineral in which to sink a shaft 10 feet in depth. The main object of the 60 days' possession, it seems to the court, must be to allow time to discover the course of the lode in order that the location may be made thereon. Counsel for defendants made an ingenious argument to show that the locator during those 60 days, to hold his right, must remain in continuous actual possession of the ground. The court does not so hold. If the discoverer put up a stake at the discovery, giving the name of the lode, date of discovery, and notice of his intention to locate the claim, this is equivalent to actual possession. Otherwise the statute serves no useful purpose. The intention of the statute must be that the setting up of the discovery stake with the notice thereon, as required, is equivalent to actual possession for the 60 days, within which he may proceed to the next step, to-wit: sink the discovery shaft to the depth of 10 feet, have survey made, mark the lines, and make formal location. That the plaintiffs did not sink the shaft to the required depth of 10 feet within the 60 days, cannot prejudice their right in this case, for the reason that the defendants prevented them from so doing by taking possession of their excavation. Plaintiffs could not prosecute their work while the defendants were in the occupancy, and this is sufficient reason for not sinking the shaft within the time prescribed.

The injunction will be awarded.