### BROWN *et al. v.* CRANBERRY IRON & COAL Co.

(*Circuit Court, W. D. North Carolina.* November Term, 1889.)

PARTITION—DISPUTED TITLE—STAY OF PROCEEDINGS.

    Where defendant in partition denies complainant's title, it is proper to stay proceedings in the suit for a year, so that complainant may establish his title by an action in ejectment.

In Equity. On motion to stay proceedings.

Suit by John E. Brown and W. B. Carter against the Cranberry Iron & Coal Company.

*Moore & Merrick,* for complainants.

*W. A. Hoke* and *J. W. Bowman,* for defendant.

DICK, J. This suit in equity was instituted for the purpose of obtaining partition of the mineral interests in the lands described in the bill of complaint. The plaintiffs assert a legal title to such minerals, as tenants in common with the defendant company. In its answer the defendant company denies the title of the plaintiffs, and avers that for many years it has had sole ownership and seisin of the soil and of the minerals of the lands mentioned in the bill of complaint; and further insists that, if the plaintiffs ever had any legal or equitable interests as claimed, they have lost their right to institute this suit by lapse of time; and they are also bound by the matter of equitable estoppel set up in the answer. Replication was filed, and proofs have been taken by the parties on both sides. On the rule-day in November, 1889, a motion was duly entered on the order-book in the clerk's office by the counsel of the defendant, to set down this case for hearing upon the pleadings and the proofs. Objections to this motion were entered by the counsel of the plaintiffs, and they also entered a motion for an order to suspend further proceedings in this suit, and to allow the plaintiffs a reasonable time to establish their legal title, and regain joint possession by an action at law in the nature of an action of ejectment,—and that the defendant be required to admit an ouster on the trial at law. These motions are now before me for hearing.

There can be no doubt that minerals in place in the earth may be owned and conveyed as real estate, and the owner have a freehold in the same. Such interest may be held by different persons as tenants in common, even if one of them had a fee-simple title to the soil in which the minerals are imbedded. If the plaintiffs had commenced special proceedings for partition in a court of this state, they could have had a speedy and adequate remedy, as such court has ample jurisdiction to adjust and determine all questions at law and equity in one proceeding. As the plaintiffs are non-residents, they have an undoubted right to institute their suit in this court, and are under no obligation to seek remedy and relief in a state court. They could not, on the law side of this court, avail themselves of the proceedings for partition provided for by

the local laws, as such proceedings blend legal and equitable questions
and modes of procedure. If such proceedings were instituted against
them in a state court, and were removed to this court upon their appli-
cation, the case thus removed would be placed on the equity side of the
docket.

The concurrent jurisdiction of a court of chancery to entertain suits for
partition of lands has long been established, and has often been exer-
cised, both in England and in this country, where the legal title is undis-
puted. When the defendant denies the title of the complainant, and
his right of joint possession, it is the usual course and practice of a court
of chancery to retain the bill, stay proceedings, and allow the complain-
ant a reasonable time for trying his title, and re-establishing the unity
of possession with his alleged co-tenant by an action of ejectment. Ques-
tions pertaining to a legal title and the nature of possession are matters
of law, and should be decided by a judge and jury in a legal tribunal.
This was the method of practice and procedure that prevailed in the
courts of equity in this state before the abolition of such courts by our
new constitution, and the adoption of a code system, which required all
legal and equitable remedy and relief to be sought by civil action or spe-
cial proceedings. *Garrett* v. *White*, 3 Ired. Eq. 131; *Ramsay* v. *Bell*, Id.
209; *McBryde* v. *Patterson*, 73 N. C. 478. These state statutes cannot
limit or regulate the jurisdiction of a federal court sitting in this state,
enforcing and administering the rights of non-resident litigants, although
such rights subsist, or have been acquired, under the laws of the state.
There is no doubt as to the jurisdiction of this court in the case be-
fore me.

The plaintiffs have not set forth their own and the title of the defend-
ant with that particularity and detail that would entitle them to a decree
of partition of the property in controversy. This defect could be cured
by an amendment, which I would readily allow on account of the pecul-
iar features of this case. In allowing the plaintiffs time and opportunity
for bringing an action on the law side of this court, to establish their le-
gal title and unity of possession, no injustice or hardship will result to
the defendant company or its legal title. Its sole seisin and long ad-
verse possession, and the alleged matter of equitable estoppel, can be
employed in defense in such action at law. *Kirk* v. *Hamilton*, 102 U.
S. 68–79. If the plaintiffs should succeed in their action at law in es-
tablishing their legal title as tenants in common with the defendant, some
difficulty may arise as to how partition is to be effected, as mineral inter-
ests in lands are necessarily of unknown value, and not capable of parti-
tion without a sale; and a sale may result in depriving the owner of the
soil of its possession in the minerals, or forcing it to pay an exorbitant
price for such property. I will not anticipate other difficulties that may
be encountered until they arise on hearing this case upon further direc-
tions.

Let an order be drawn staying proceedings in this case, and granting
the plaintiffs one year to bring and prosecute their action at law, and
allowing the depositions taken in this case to be read in evidence on the

trial of such action.    No formal order is necessary, requiring the defendant to admit an ouster on the trial, for the claim of the defendant of sole title and exclusive adverse possession amount to an ouster for the purposes of the action at law, which will be tried on the law side of this court.