AMERICAN ASS'N, Limited, v. EASTERN KENTUCKY LAND CO. et al.

(Circuit Court, W. D. Virginia. May 17, 1894.)

FEDERAL COURTS—EQUITY JURISDICTION—PARTITION.

A federal court of equity cannot entertain a suit for partition of lands where the plaintiff's title is denied, although a state statute permits courts of equity to take cognizance of questions of title in partition suits.

This was a suit by the American Association, Limited, against the Eastern Kentucky Land Company and others for the partition of lands. The Eastern Kentucky Land Company filed its answer denying plaintiff's title, and thereupon demurred to the bill for want of jurisdiction.

White & Buchanan and Jerome Templeton, for complainant.

A. L. Pridemore, for defendants.

PAUL, District Judge. This is a chancery suit brought by the complainant company against the Eastern Kentucky Land Company and others for the partition of a tract of 100 acres of land lying near Cumberland Gap, in Lee county, Va., and also praying for an injunction to prevent waste on said land; but, there being no proof of any waste committed, it is not necessary to consider this question in the proceedings.

The complainant alleges that it is a joint tenant or tenant in common with the defendants in said land. It also claims that it is the owner of a right of way for a railroad tunnel through said land; that it has constructed said tunnel, and is in possession thereof. The principal defendant is the Eastern Kentucky Land Company. In fact, it is the only party defendant claiming any interest in the land. It files its answer, and claims that it is the sole and exclusive owner of the land in question. It denies "that the plaintiff and defendant companies own any lands in the state of Virginia as joint tenants, tenants in common, or in any other form of joint ownership; or that the plaintiff owns any lands in such tenancy with the codefendants of said Eastern Kentucky Land Company; or that the complainant company is in possession of any land owned or claimed by it, except the railroad tunnel, so far as it passes through the defendant company's land, about 1,000 feet, in the state of Virginia, which the plaintiff company entered upon without lawful authority or leave or license, and commenced the construction of its work, and still holds possession thereof." The plaintiff company claims immediate title to the land by deed from the devisees under the will of one Samuel C. Jones. The defendant company claims immediate title by deed from one J. W. Divine and wife, said Divine being the grantee in a deed from the same Samuel C. Jones. The plaintiff and the defendant company each recites many antecedent conveyances from different persons. Surveys have been made, and numerous depositions have been taken, all bearing upon the questions of the title of the plaintiff to the lands in controversy, and the boundaries of the same. The defendant the Eastern Kentucky Land Company demurs to the plaintiff's bill, on the ground that a

federal court of equity cannot entertain a suit for partition of lands where the plaintiff's title is denied; that, to entitle a plaintiff to relief in equity in respect to partition, he must have a clear legal title. It is admitted by counsel for the complainant that this was formerly the law, but it is contended that since the enactment of the Virginia statute (Code 1887, § 2562), it is otherwise. The said section provides as follows: "Sec. 2562. Tenants in common, joint tenants, and copartners, shall be compellable to make partition, and the circuit court of the county, or the circuit or corporation court of the corporation, wherein the estate or any part thereof is, shall have jurisdiction in cases of partition, and, in the exercise of such jurisdiction as a court of equity, may take cognizance of all questions of law affecting the legal title that may arise in any proceeding." It is contended that under this statute a federal court of equity, in a suit for partition, has jurisdiction of "all questions of law affecting the legal title that may arise in any proceeding"; that its jurisdiction has been extended beyond what it was before the enactment of this state law. I cannot concur in this view. A state statute can neither abridge nor extend the jurisdiction of the United States circuit courts as courts of equity. As was said by McCrary, J., in Strettell v. Ballou, 9 Fed. 256: "It has long been settled that the jurisdiction of the circuit courts of the United States in equity is derived from and defined by the constitution and laws of the United States; that it is the same in all the states, and is not affected or varied by the various statutes of the states whereby the chancery powers and jurisdiction of state courts may be defined and regulated. This court cannot, therefore, look to any state legislation as the source of its jurisdiction in equity." In Boyle v. Zacharie, 6 Pet. 658, the supreme court thus stated the rule: "And the settled doctrine of this court is that the remedies in equity are to be administered, not according to the state practice, but according to the practice of courts of equity in the parent country, as contradistinguished from that of courts of law, subject, of course, to the provisions of the acts of congress, and to such alterations and rules as, in the exercise of the powers delegated in those acts, the courts of the United States may from time to time prescribe." See, also, Livingston v. Story, 9 Pet. 632; Robinson v. Campbell, 3 Wheat. 212; U. S. v. Howland, 4 Wheat. 115; Neves v. Scott, 13 How. 271. With this view of the law, we will have to proceed in this cause as if the Virginia statute referred to had never been enacted. The complainant's title being called in question by the defendants, and it not appearing to the court that the complainant has a clear legal title, the complainant must, before this court can give the relief sought, establish its title at law, by ejectment or other legal proceeding. 2 Minor, Inst. 464; Sedg. & W. Tr. Title Land, §§ 169, 170; Currin v. Spraull, 10 Grat. 145; Rich v. Bray, 37 Fed. 273; Brown v. Coal Co., 40 Fed. 849. The authorities seem to be uniform in holding that "where the suit in the state court unites legal and equitable grounds of relief or of defense, as authorized by the state statute, it may, in the federal court, be recast into two cases, one at law and one in equity, and in such a case a repleader is necessary."

See Perkins v. Hendryx, 23 Fed. 418; Fost. Fed. Prac. (2d Ed.) § 391; Dill. Rem. Causes (5th Ed.) §§ 83–86, and notes thereto. An order must be entered in this cause staying proceedings for a reasonable time, in order to allow the plaintiff to prosecute an action at law to try the title to the land in question.