## GARVEY et al. v. ELDER et al.

A mining claim was not subject to a location by plaintiff on the
ground that defendants, who were prior locators of the claim, had
failed to do the required amount of assessment work for a certain
year, where the required work was not completed by defendant's serv-
ant employed for that purpose, owing to the fact that plaintiff had
caused the servant to leave the claim by threatening him with arrest
if he continued at work.

(Opinion filed, October 30, 1906.)

Appeal from Circuit Court, Lawrence County.   Hon. WILLIAM
G. RICE, Judge.

Action by John T. Garvey and another against William S. El-
der and another.   From a judgment for defendants, plaintiffs ap-
peal.   Affirmed.

*Joseph B. Moore,* for appellants.   *William H. Parker* and *Wm.
S. Elder,* for respondents.

HANEY, J.   This is an action to determine adverse claims to
certain mining ground situate in Lawrence county.   Defendants'

rights rest upon valid lode relocations made in 1896. Plaintiffs' claim is founded upon attempted lode locations made on January 1, 1901. Assessment work having been resumed by the defendants December 26, 1900, and continued until the 31st, it is conceded that defendants are entitled to judgment, provided plaintiffs' conduct constituted a sufficient excuse for defendants' failure to complete the required annual labor for 1900. On this issue the learned circuit court found in substance that during the afternoon of the 31st day of December, 1900, the plaintiff Garvey wrongfully entered upon the premises in question and forcibly, and by means of threats of violence against the defendants and their employe, one J. T. Roberts, who was then engaged in doing the assessment work for the year 1900, took exclusive possession thereof; that Garvey retained forcible possession, and by force and threats of violence prevented Roberts from continuing work on the morning of January 1, 1901; that Garvey made pretended locations at 1 o'clock, a. m., January 1, 1901, and thereafter retained exclusive and forcible possession until May 1901, when the defendants re-entered and caused more than $100 in labor to be expended on each of the claims during the balance of the year 1901; that the ground in dispute was not subject to location at the time of plaintiffs' attempted locations; and that the defendants were forcibly prevented from doing assessment work for the year 1900 by the threats and tortuous acts of the plaintiffs.

Though the evidence may not have justified all the expressions employed by the trial court in its decision, with respect to Garvey's conduct, it certainly was sufficient to sustain the finding that, as to these plaintiffs, the ground was not subject to location or relocation on January 1, 1901. On the preceding day Roberts was in actual and peaceable possession, when Garvey notified him that neither he nor any other person representing the defendants would be allowed to work on the ground after that day. This was reported to one of the defendants, who sent Roberts to the grounds on January 1st, when the latter was again told by Garvey that neither he nor anyone reprtsenting the defendants could work thereon, that any one attempting to do so would be arrested, and because of what Garvey said Roberts refused to return to the claims, though re-

quested to do so by the defendants. It may be that Garvey's threats did not imply that he would do more than cause Robert's arrest. It may be that Roberts did not apprehend or have reason to apprehend any bodily injury if he returned. Nevertheless, it is evident that Garvey's conduct was the direct and only cause of his refusal to return, and, as such conduct was without color of right, we think the plaintiff's should not be permitted to profit by Garvey's wrongful acts. A locator is entitled to protection in the possession of his claim, and cannot be deprived of his rights by the tortuous acts of others; nor can an intruder and trespasser initiate any rights which will defeat those of the prior locator. Erhardt v. Boaro, 113, U. S. 527, 5 Sup. Ct. 560. In any view of the evidence, Garvey was an intruder and trespasser, with actual knowledge of defendants' possession. He intended to prevent further work by the defendants. His efforts were successful. "No man can take advantage of his own wrong." Rev. Civ. Code, § 2416. On this maxim rests the rule that he who prevents a thing being done shall not avail himself of the non-performance he has himself occasioned. Miller v. Taylor, 6 Colo. 41. Though it may have been the fear of being arrested rather than the fear of bodily injury which deterred the defendants from continuing the work, it is clear that it would have been continued in good faith but for the unlawful interference of the plaintiff Garvey, and as to him and his co-claimant we think the ground was not subject to location or relocation when their attempted locations were initiated. There may be decisions which seem to hold that the prior locator in this class of cases should persist in his efforts to perform the required labor until prevented by the apprehension of imminent physical violence. If so, we respectfully decline to follow them, believing they do not rest upon sound principles and are calculated to engender unnecessary resorts to physical force.

The judgment of the circuit court is affirmed.

CORSON, J., not sitting.