(November 15, 1907.)

JOHN MADAR, Appellant, v. SAMUEL NORMAN and O. E. ANDERSON, Respondents.

[92 Pac. 572.]

MINING PARTNERSHIP—WHEN MINING PARTNERSHIP EXISTS.

　　1. In order to constitute a mining partnership under the provisions of sections 3300 to 3309, inclusive, of the Revised Statutes, it is essential that the co-owners actually engage in working the mine or in the business of operating the mine. The cotenancy of two or more persons in a mining claim is not of itself sufficient to constitute such tenants mining partners.

2. It is not essential that all the tenants join in the working or business of mining in order to establish such partnership, but that relation may be established among such co-owners as have actually engaged in the working or mining operation. Those not so engaging will be left to their right and be chargeable by their duties as cotenants only.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Shoshone County. Hon. Ralph T. Morgan, Judge.

Action by a co-owner in a mining claim against other co-owners to collect a share of the expenses incurred in working the mine proportionate to the interest owned by each, and to have the same declared a lien upon the mine. Demurrer to the complaint was sustained, and on refusal to amend, judgment of dismissal was thereupon entered. Plaintiff appealed. *Affirmed.*

Henry P. Knight, for Appellant.

It is indispensable to the conducting of the business of mining that those owning a major portion of the property should have control in case all cannot agree. (*Hawkins v. Spokane Hydraulic Min. Co.,* 3 Idaho, 656, 33 Pac. 40; *Daugherty v. Creary,* 30 Cal. 300, 89 Am. Dec. 116.)

In order for a cotenant or his successors in interest to become a mining partner, it is not necessary that he shall assist in working the mine or in the management of its affairs, or that he should in any way hold himself out as a partner, or consent to the operations being carried on at the mine. (*Taylor v. Castle,* 42 Cal. 367; *Hawkins v. Spokane Hydraulic Min. Co., supra.*)

In the case last above cited, this court pursued still further the analogy between a mining partnership and a private corporation.

By purchasing an interest, the respondent, Norman, became a mining partner. (*Kahn v. Central Smelting Co.,* 102 U. S. 641, 26 L. ed. 266; *Kimberly v. Arms,* 129 U. S. 512, 32 L. ed. 764, 9 Sup. Ct. Rep. 355; *Bissell v. Foss,* 114 U. S. 252, 29 L. ed, 126, 5 Sup. Ct. Rep. 851.)

A. G. Kerns, for Respondents.

There is no allegation in the complaint that these parties or their predecessors in interest ever actually engaged in working this mining claim. (Rev. Stats., sec. 3300.) "Evidence of the existence of the mining partnership must be clear and certain." (*Mayhew v. Burke*, 2 Idaho, 1056, 29 Pac. 106.)

One owner in a mining claim has no lawful authority to sue his co-owner for a specific sum or share of any work or labor performed on the mining claim, unless the co-owner actually joined or engaged in working the same, or expressly or impliedly promised to pay. If this is not the law, any owner in a mining claim can take or destroy the interests of his co-owner in the property without the consent of such co-owner.

Parties may be tenants in common of a mining property without constituting a mining partnership. The partnership is constituted when, as such tenants in common or co-owners, they unite and co-operate in operating or working the mine. (*Nolan v. Lovelock*, 1 Mont. 224; *Congdon v. Olds*, 18 Mont. 487, 46 Pac. 261; *Skillman v. Lachman*, 23 Cal. 199, 83 Am. Dec. 96; *Charles v. Eshleman*, 5 Colo. 107; *Prince v. Lamb*, 128 Cal. 120, 60 Pac. 689; *Lyman v. Schwartz*, 13 Colo. App. 318, 57 Pac. 735; *Manville v. Parks*, 7 Colo. 128, 2 Pac. 212; *Hartney v. Goshing*, 10 Wyo. 346, 98 Am. St. Rep. 1005, 68 Pac. 1118.)

"A joint owner who works a mine cannot maintain an action against his co-owners for their share of the expense of so doing in the absence of an express or implied contract on their part to pay." (Barringer & Adams on Mines and Mining, p. 744.)

AILSHIE, C. J.—In this case the trial court sustained a demurrer to the complaint, and on plaintiff's refusal to amend entered judgment of dismissal against him. This appeal is from the judgment. The only question to be determined on this appeal is whether or not under the provisions of sections 3300 to 3309, Revised Statutes, all the co-

owners in a mine are mining partners by virtue and reason of their ownership, or whether it is necessary for them to unite in actually working the mine in order to become such partners. If the ownership alone is all that is essential to the creation of a mining partnership, the complaint in this case is sufficient; if not, the demurrer was properly sustained. Section 3300 provides that "A mining partnership exists when two or more persons who own or acquire a mining claim for the purpose of working it and extracting the mineral therefrom actually engage in working the same." In *Hawkins v. Spokane Hydraulic Min. Co.,* 3 Idaho, 241, 28 Pac. 433, some things were said by the court that indicate the view "that the co-owners in a mining claim are partners" by reason of their ownership, irrespective of the fact of their working the mine. This expression, however, must be read and viewed in the light of the facts of that case and the conditions under which it was presented. The case was tried by both plaintiff and defendant on the theory that a mining partnership existed between them, and they differed as to the legal results that flow from that relation. The defendant's contention was that the plaintiff should share with it a large sum of expenses that had been incurred in the operation. The condition of the case is more fully illustrated by the opinion (*Hawkins v. Spokane Hydraulic Min. Co.,* 3 Idaho, 650, 33 Pac. 40) on the appeal from the final judgment. The confusion has evidently arisen in some of the cases under a statute like ours in the indiscriminate use of the words "owners" and "partners." Section 3300, *supra,* seems to require that in order to form a mining partnership, two or more persons must first "acquire a mining claim," and that this acquisition must be followed by actually engaging in working the mine. If A, B, C, and D own each a one-fourth interest in a mining claim, A, B, and C may unite in working the property and would undoubtedly thereby become mining partners under the provisions of this statute, but their doing so would not make D a partner, if he should decline to join them, and refused to participate in the working. If, after the formation of such a

partnership any disagreement should arise among the partners as to the method of operating and conducting the work, thereupon the provisions of section 3309 might be invoked, and those owning "a majority of the shares or interest in the partnership" would be entitled to dictate as to the manner in which the business should be conducted. That section reads as follows: "The decision of the members owning a majority of the shares or interests in a mining partnership, binds it in the conduct of its business."

This view seems to have been at least indicated by the courts in several cases. Perhaps the most pronounced expression from any court on this identical subject is that to be found in *First Nat. Bank of Hailey v. G. V. B. Min. Co.*, 89 Fed. 449, wherein Federal Judge Beatty of the district of Idaho, in considering these statutory provisions, said: "This statute determines that such partnership exists when the owners of a mining property 'actually engage in working the same,' and that no 'express agreement' is necessary, but that the relation exists when the 'ownership' and 'working' of the mine by the parties exist. This language seems to indicate that a mining partnership exists only between those owners who actually engage in the working, or by some consent or understanding with each other, agree to it. It seems clear from the statute that, if two or three joint owners work without the consent of the third, they cannot thereby make him, or his interest in the mine, liable for the debts they incur, nor do they deprive him of his share of any resulting profits."

In *Anaconda Copper Min. Co. v. Butte & B. Min. Co.*, 17 Mont. 519, 43 Pac. 924, the supreme court of Montana was considering the provisions of the Montana code, which are identical with our sections 3300 to 3309, inclusive, and said: "A mining partnership is formed by reason of the existence of certain facts described in the statute. Those facts are: (1) That two or more persons shall own or acquire a mining claim for the purpose of working it, and extracting the minerals therefrom (Civ. Code, sec. 3350) ; that is to say, the relation arises from the ownership of the shares or interests in the mine. This is the first fact as a foundation for a mining

partnership. (2) The second fact required to exist is that such owners actually engage in working the mine. Do these two conditions exist in the case at bar? The first condition is a fact. Plaintiff and defendant own, and have acquired for mining purposes, the ground in controversy. The second fact does not exist. The plaintiff and defendant were not actually engaged in working the mine. This is clear from the pleadings and the testimony. The defendant was working the disputed portion alone, and excluding the plaintiff therefrom. Therefore the partnership did not exist.''

Lindley on Mines, volume 2, section 803, suggests a similar view, and Snyder on Mines, volume 2, at section 1517, says: ''So it would seem that mere joint ownership of mining claims does not constitute a mining partnership; nor will the performance of mere annual labor, made necessary by law, create the relationship; they must actually engage in the development and operation of the mine in the ordinary course of mining.''

The mere assertion, however, of this turgid and splenetic author would not be very convincing or persuasive with us, in view of the closing sentence of his section 1433, and noting his apparent inability to grasp the point at issue in *Hawkins v. Spokane Hydraulic Min. Co., supra,* and the admitted facts as to the partnership on which the case rested, but in section 1517 he seems to have arrived at a correct conclusion. (See, also, *Prince v. Lamb,* 128 Cal. 120, 60 Pac. 689; *Nolan v. Lovelock,* 1 Mont. 224; *Charles v. Eshleman,* 5 Colo. 107.)

We conclude that under the statutes of this state defining a mining partnership and prescribing its powers and duties, such a partnership can only exist among those co-owners who ''actually engage in working the mine,'' and that such co-owners as do not so engage in the business are not amenable to the law of mining partnership, but must be dealt with according to the principles of law governing them as co-tenants. The demurrer to the complaint was properly sustained, and the judgment must therefore be affirmed.

Judgment affirmed and costs awarded to respondents.

Sullivan and Stewart, JJ., concur.