## BECKER–FRANZ CO. v. SHANNON COPPER CO.

(Circuit Court of Appeals, Ninth Circuit. April 7, 1919.)

### No. 3256.

1. APPEAL AND ERROR ⬡➡184—OBJECTIONS IN LOWER COURT—EQUITABLE SUIT —LEGAL TITLE—WAIVER OF OBJECTION.

Where no objection is raised in the trial court to the determination of the legal title to the land in an equitable suit for partition, the objection that such title should be determined at law is waived.

2. MINES AND MINERALS ⬡➡23(6)—ASSESSMENT WORK—FORFEITURE OF INTEREST—ADVERSE POSSESSION.

The right to forfeit the interest of a cotenant in a mining claim for his failure to do his share of the assessment work, given by Rev. St. § 2324 (Comp. St. § 4620), was properly denied, where the joint tenant was denied permission to enter the claim or to contribute to the assessment work.

3. MINES AND MINERALS ⬡➡23(6)—ASSESSMENT WORK—RECOVERY FROM COTENANT.

One who had performed the assessment work on a mining claim cannot compel a cotenant to contribute therefor, where he claimed the entire claim adversely to the cotenant and refused to allow the latter to enter on the claim or contribute to the work.

Appeal from the District Court of the United States for the District of Arizona; Wm. H. Sawtelle, Judge.

Suit by the Shannon Copper Company against the Becker-Franz Company for partition. Decree for plaintiff, and defendant appeals. Affirmed.

In November, 1908, the appellant entered into an agreement with J. W. Bennie by the terms of which it agreed to convey to Bennie the mining claims here in controversy upon payment of the sum of $12,500, of which $100 was to be paid upon the execution of the agreement, and $6,150 upon the deposit by the appellant of an abstract of title, and the further sum of $6,250 on or before July 31, 1909. It was further agreed that Bennie might at any time prior to the last-named date reconvey to the appellant a $49/100$ interest in said mining claims in lieu of the last payment, in which event Bennie was given the right to purchase the appellant's $49/100$ at any time before December 1, 1910, for the sum of $10,000. The first two payments were made, but the $6,250 payment was not made. The appellant declared a forfeiture and brought suit in the superior court of the state of Arizona to quiet its title and therein obtained a decree quieting its title to the mining claims. Upon appeal to the Supreme Court of Arizona, the decree was reversed (Bennie v. Becker-Franz Co., 14 Ariz. 580, 134 Pac. 280); the court holding that, although time had been made the essence of the agreement, that provision had been waived. A second trial was had in the superior court, and on June 28, 1915, a decree was again rendered in favor of the appellant herein. Upon a second appeal to the Supreme Court, the decree was reversed (Bennie v. Becker-Franz Co., 17 Ariz. 198, 149 Pac. 749); the court ruling that the Becker-Franz Company, while it held the legal title to the property, was

---

⬡➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the owner of but an undivided $49/100$ interest therein, and that Bennie was the equitable owner of the remainder thereof.

Thereafter, on September 4, 1915, a decree was entered in the superior court in accordance with that decision. During the years 1911, 1912, 1913, and 1914, pending the litigation, the annual assessment work was performed by the appellant, and on September 14, 1915, the appellant served upon Bennie a notice of forfeiture under paragraph 2324, Rev. Stats., for failure to pay his proportion of said assessment work. Bennie subsequently conveyed his interest in said property to the appellee herein, and the latter brought the present suit in the court below for partition of the mining claims. The appellant in its answer to the partition suit pleaded its acquisition of title to the appellee's interest by reason of the forfeiture before mentioned, and demanded that in case the appellee should be decreed to be the owner of $51/100$ of the mining claims that the appellant have judgment against the appellee for 51 per cent. of the amounts so expended in assessment work. As against the appellant's claim of forfeiture, the appellee in its reply pleaded as estoppel the judgment of the Supreme Court of Arizona of June 28, 1915, whereby the appellee alleged, the title of the respective parties in and to their undivided interests in the mining claims was quieted in each as against any and all claims, demands, or pretensions of the other, and the appellee further alleged that Bennie had made due tender to the appellant of his proportion of the cost of the assessment work of the claims for the years 1911 to 1914, inclusive, but that the tenders were refused and rejected by the appellant, and that during said years said J. W. Bennie as cotenant was ready and willing to perform his proportion of the assessment work, but that he was excluded from the possession of the property, and prevented by the appellant from entering upon the same for the purpose of doing the assessment work, and that the work so done was done in hostility to the appellee's title, and that of its predecessor in interest.

The court below denied the appellant's claim of title by forfeiture and its right to recover from the appellee any of the costs of assessment work for the years 1912 to 1914, inclusive.

Frank E. Curley, of Tucson, Ariz., and L. Kearney, of Clifton, Ariz., for appellant.

Thomas Armstrong, Jr., Ernest W. Lewis, and R. Wm. Kramer, all of Phœnix, Ariz., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The decree of the court below made no specific disposition of the appellant's claim of title to the appellee's interests acquired through the forfeiture thereof for nonpayment of annual assessment work in pursuance of a notice of forfeiture given after the decisions of the state courts. It decreed only that the appellee was the owner of $51/100$ of the property, and that the appellant was the owner of the remaining $49/100$, and quieted the title of each, and found that the property could not be partitioned, and decreed that it be sold by a commissioner at public sale and provided for confirmation of the several sales by the court and for a final report by the commissioner, and that the appellant take nothing by its counterclaim.

[1] While the general rule is that equity has no jurisdiction to determine the validity of a legal title set up by the defendant in a partition suit and will suspend partition until the question of the legal title has been determined at law (20 R. C. L. 729; Clark v. Roller, 199 U. S. 541, 545, 26 Sup. Ct. 141, 50 L. Ed. 300; Gay v. Parpart,

106 U. S. 679, 689, 1 Sup. Ct. 456, 27 L. Ed. 256; Gilbert v. Hopkins [C. C.] 171 Fed. 704; Bearden v. Benner [C. C.] 120 Fed. 690; West v. East Coast Cedar Co., 101 Fed. 613, 41 C. C. A. 528; American Ass'n v. Eastern Kentucky Land Co. [C. C.] 68 Fed. 721), and while it is held in some jurisdictions, as in Litz v. Rowe, 117 Va. 752, 86 S. E. 155, L. R. A. 1916B, 799, and cases there cited that a controversy over the legal title arising in a partition suit belongs exclusively to a court of law, and no acquiescence or consent can create jurisdiction over it in equity, we think the rule to be followed in the federal courts is that where, as in the present case, no objection is raised in the trial court to the disposition of the question of the legal title by a court of equity, the objection is waived so far as an Appellate Court is concerned (Elder v. McClaskey, 70 Fed. 529, 17 C. C. A. 251 [certiorari denied 163 U. S. 685]; Reynes v. Dumont, 130 U. S. 354, 395, 9 Sup. Ct. 486, 32 L. Ed. 934).

[2] On the merits the appellant's claim to title by forfeiture under the provision of section 2324, Rev. Stats. (Comp. St. § 4620), was properly denied on the ground that the appellant was holding adverse possession of the mining claims during the period of time when the annual assessment work was done, and Bennie was denied permission to enter upon the claims or to contribute to the assessment work. Mining Co. v. Mining Co., 6 Utah, 183, 21 Pac. 1002, 5 L. R. A. 259; Mallett v. Uncle Sam Min. Co., 1 Nev. 188, 90 Am. Dec. 484; Field v. Tanner, 32 Colo. 278, 75 Pac. 916; Trevaskis v. Peard, 111 Cal. 599, 44 Pac. 246; Madison v. Octave Oil Co., 154 Cal. 768, 99 Pac. 176; Garvey v. Elder, 21 S. D. 77, 109 N. W. 508, 130 Am. St. Rep. 704.

[3] Nor was the appellant entitled to be paid out of the proceeds realized upon the partition sale any portion of the sums paid out by it for the annual assessment work for the years 1911 to 1914, inclusive, as demanded in its counterclaim. That a court of equity has jurisdiction in a partition suit to direct payment by one cotenant to another of his proportionate share of assessment work made necessary to maintain the life of a mining claim is not to be doubted. 30 Cyc. 230; McClintock v. Fontaine (C. C.) 119 Fed. 440; Hayne v. Gould (C. C.) 54 Fed. 951. But such a right to contribution is lost in a case where the cotenant in possession holds adversely to his cotenant, and denies him permission to enter upon the claim or to contribute his proportion of the expenses of maintaining the same, for in such a case the claim for contribution is inconsistent with the prior acts of the cotenant in possession, of such a character as to estop him to claim contribution. Victoria Copper Min. Co. v. Rich, 193 Fed. 314, 113 C. C. A. 238; Wistar's Appeal, 125 Pa. 526, 17 Atl. 460, 11 Am. St. Rep. 719; Van Ormer v. Harley, 102 Iowa, 150, 71 N. W. 241.

We find no error. The decree is affirmed.