KLINE et al. v. WRIGHT et al. (RILEY et al., Interveners).

No. 680.

District Court, D. Idaho, E. D.

Jan. 8, 1931.

John J. Dwyer, of New York City, John H. Padgham, of Salmon, Idaho, and Richards & Haga, of Boise, Idaho (McKeen F. Morrow, of Boise, Idaho, of counsel), for plaintiffs, cross-defendants, and interveners.

Enoch W. Whitcomb, of Salmon, Idaho, and L. E. Glennon, of Pocatello, Idaho, for defendants and cross-complainants.

CAVANAH, District Judge.

On July 31, 1930, an order of reference was made in this case pursuant to memorandum opinion [(D. C.) 42 F.(2d) 927] for the purpose of determining on the accounting pleaded in defendants' cross-bill what moneys, if any, were actually spent by any of the parties in the operation, improvement, and annual assessment work on the mining claims involved. The evidence, taken before the referee, discloses that certain amounts were expended by cross-complainants, who claim that they are entitled to contribution for the same from plaintiffs and interveners. The evidence taken before the court on the main question as to the interest of the parties in the claims resulted in the conclusion reached by the court that the claims were held by Wright and the plaintiffs and interveners as tenants in common, and Wright and his associates, without any agreement with plaintiffs and interveners, operated the property for their own account to the exclusion of plaintiffs and interveners during the period when cross-complainants claim the right of contribution. Such being the situation, the principle is urged by plaintiffs and interveners that as cross-complainant Wright and plaintiffs and interveners stood in the position of tenants in common, and neither was the agent of the other, the law does not invest one tenant in common with authority to charge the other with any expense incurred in the operation and improvement of the common property, except by consent or in case of necessity upon prior notice and demand to the other one, but must recoup if at all from the profits derived from the property. This principle, now settled by courts in the mining area of the West, would seem applicable to the facts here, for Wright and his associates held exclusive possession of the property from plaintiffs and interveners until 1930, and undertook to operate and ship therefrom quantities of ore without consulting or receiving the consent of plaintiffs and interveners, who did not voluntarily participate in the venture, nor grant permission to Wright to expend money in their behalf. Under such circumstances, the money they so expended was at their own risk, and they cannot now, where it resulted in a loss, force contribution for the expense of such operation. McDaniel v. Moore, 19 Idaho, 43, 112 P. 317; Madar v. Norman, 13 Idaho, 585, 92 P. 572; Stickley v. Mulrooney, 36 Colo. 242, 87 P. 547, 118 Am. St. Rep. 107; Rico Reduction & Mining Co. v. Musgrave, 14 Colo. 79, 23 P. 458; Welland v. Williams, 21 Nev. 230, 29 P. 403; Manhattan Co. v. White, 48 Mont. 565, 140 P. 90.

The next claim for contribution is for plaintiff's and interveners' pro rata share for annual assessment work claimed to have been done on the claims for the years 1917, 1918, 1921, 1925, 1926, 1929, and 1939.

As to the years 1917 and 1918, the evidence shows that Wright was then working the claims under a bond and lease, which required of him to perform the assessment work. He was then prospecting and endeavoring to develop the mine in order to satisfy himself as to whether or not he would complete his purchase. Certainly after obligating himself to do the assessment work he cannot thereafter insist upon his cotenants contributing to such expense, nor can he urge such contribution unless the law at the time required such work to be done to preserve the claims from forfeiture. This latter requirement we find was not required for the years 1917, 1918, and 1919, by reason of resolutions of Congress in which the annual assessment work on mining claims was suspended. 40 Stat. 343; 41 Stat. 354. It is therefore sufficient to say that as no claim is made for the year 1919, and no assessment work was necessary to be performed for the three years, and that the administrator Shoup, who was then administering the claims, had filed the necessary notice claiming the benefits of the statute, the claim for contribution for these three years should not be allowed.

Approaching then a consideration of the claim of Wright for contribution for the remaining years, the evidence discloses that until July 16, 1930, the date of the original opinion of this court, Wright held wrongfully adverse possession of the claims to the exclusion of his cotenants, plaintiffs and interveners, as the evidence is clear that during those years litigation was pending between the parties, and Wright held exclusive possession of the claims. Kline v. Shoup, 38 Idaho, 202, 226 P. 729; Riley and Crane v. Kline, 44 Idaho, 299, 256 P. 535. And also Wright and Ford had attempted to wrongfully relocate the claims while a fiduciary relation existed between him and plaintiffs and inter-

veners. His conduct in that respect being contrary to the doctrine of equity, he, as said by the Ninth Circuit Court of Appeals in Becker-Franz Co. v. Shannon Copper Co., 256 F. 522, where the facts are similar, lost his right to contribution. McKay v. McDougall, 25 Mont. 258, 64 P. 669, 87 Am. St. Rep. 395; Mills et al. v. Fletcher et al., 100 Cal. 142, 34 P. 637; Erhardt et al. v. Boaro et al. (C. C.) 8 F. 692.

Furthermore, it would seem that for the years 1925, 1926, and 1929, it is very doubtful, under the evidence, if Wright did any assessment work because others were permitted by him under leases to go upon the property and take out valuable quantities of ore, in sufficient amount for the assessment work.

For the year 1930, the assessment work was done by Wright on three of the claims to the amount of $300, and the remaining work for that year required on the other claims was done by plaintiffs and interveners after the date of the original opinion. Therefore, cross-complainants are entitled to recover from plaintiffs and interveners their proportion of the $300 which they should pay and which was expended by cross-complainants, figured on the basis of their interest in the property, of which plaintiffs are entitled to an undivided ⅌₁ interest, and interveners to an undivided ⅔ interest, being the sum of $257.14, and costs.

In accordance with the conclusion reached in the original opinion, the decree shall provide that plaintiffs are entitled to an undivided ⅌₁ interest in the property, interveners to an undivided ⅔ interest, and cross-complainants to an undivided ⅐ interest, which last interest is to be divided between Wright and wife, Ford and wife, and the Thompson heirs, in accordance with the deeds made by Ford and Wright after the relocation.