SATHER LEASE—THOMAS SATHER & COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31979.   Promulgated May 13, 1932.

*J. E. Bakken, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

OPINION.

Matthews: The only question in this proceeding is whether the petitioner was an association taxable as a corporation, or a partnership, the income of which is taxable to the individual members. A very similar situation was presented in the case of *Joe Gilovich & Co.*, 6 B. T. A. 864, wherein we held that a group of individuals operating under a mining lease constituted a partnership and not an association. The petitioner in this proceeding was, in its organization and operation, very like the petitioner in that case. It had no officers, did not carry on its business upon any corporate forms or methods, and in fact bore no resemblance to an association in the usually accepted meaning of that term. See *Hecht* v. *Malley*, 265 U. S. 144.

The respondent contends, however, that the petitioner is a "mining partnership" under the statutes of Idaho and as such, by construction in all of the local courts, is in all essentials a corporation, and that as a result of its status as a corporation under state law it is taxable as an association under Federal income-tax laws.

The applicable provisions of the Idaho statutes are as follows:

§5856. *When mining partnership exists.* A mining partnership exists when two or more persons who own or acquire a mining claim for the purpose of working it and extracting the mineral therefrom, actually engage in working the same.

§5857. *Express agreement not necessary.* An express agreement to become partners or to share the profits and losses of mining is not necessary to the formation or existence of a mining partnership. The relation arises from the ownership of shares or interests in the mine and working the same for the purpose of extracting the minerals therefrom.

The respondent devotes a large part of his brief to his contention that the petitioner is a mining partnership, pointing out the distinction between an ordinary and a mining partnership. We can not agree with the respondent that these three men working together constituted a mining partnership. It is true that they all three worked in the mine and shared the profits and losses equally. The lease, however, was taken in Sather's name. The evidence shows that the lessor company had adopted the policy of making leases to an individual only and that it would not make a lease to a partnership as such, and that this policy was followed in the instant case. The law of Idaho expressly provides that a mining partnership exists when *two* or *more* persons own or acquire a mining claim. The respondent refers to the case of *State ex rel. Cole* v. *District Court for Granite County*, 254 Pac. 863, for the proposition that the leasing of a mining

claim amounts to "acquiring" it within the meaning of the statute. But the court in that case did not hold that it was sufficient for one person to lease the claim. It said:

The fact that the mining claim, in this instance, was merely leased does not prevent a mining partnership as a result of law. *The partners* do not have to own the claim. *They* have to own only a possessory right. That may be acquired by lease. Our statute says "own or acquired" Section 8050 supra. That shows that "own" and "acquire," in the statute, have different meanings. Lessees, as well as owners, may be mining partners. * * * [Italics supplied.]

In the case of *Madar* v. *Norman*, 13 Idaho 585; 92 Pac. 572, the Supreme Court of Idaho held that in order to constitute a mining partnership there must be two factors; one, that two or more persons shall own or acquire a mining claim, and the other that the coowners actually engage in working the mine. See also *Drake* v. *O'Brien*, 130 S. E. 276 (West Virginia); *First National Bank of Harley* v. *G. V. B. Mining Co.*, 89 Fed. 449; and *Kahn* v. *Smelting Co.*, 102 U. S. 641. Our attention has not been called to any authority, nor have we been able to discover any, holding that a mining partnership exists where only one member of the alleged partnership owns mining property or acquires a lease thereon. The case of *Settembre* v. *Putnam*, 30 Cal. 490, is not in point, since in that case it appeared that the lessee acquired the lease as agent for the other members of the partnership. There is no evidence in this case of any agreement of agency. It is our opinion that the petitioner was not a mining partnership under the laws of Idaho, and it is therefore unnecessary to consider the further contention of the respondent.

Since it is clear that the petitioner is either an ordinary partnership or a joint venture and bears no resemblance in any way to an association, the respondent erred in taxing the petitioner as an association.

*Judgment will be entered for the petitioner.*